| | |
|---|---|
| **JONATHAN BERTUCCELLI, and STUDIO 3, INC.,**<br><br>**VERSUS**<br><br>**UNIVERSAL CITY STUDIOS LLC,** *et al*. | **CIVIL ACTION NO. 2:19-CV-1304**<br><br>**JUDGE:**<br>**GREG GERARD GUIDRY**<br><br>**MAGISTRATE JUDGE:**<br>**JOSEPH C. WILKINSON, JR.**<br><br>**SECTION T-2** |

### REPLY MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE OPINION TESTIMONY BY PLAINTIFFS' PROPOSED EXPERTS

Plaintiffs' Opposition to Defendants' Motion To Exclude Opinion Testimony from

Plaintiffs' proposed experts, James T. Berger and Edward R. Griffor ("Motion"), argues that an

expert may opine on "substantial similarity" of two copyrighted works in their entirely, without

bothering to distinguish between protectable and unprotectable elements. But that is not the law.

The Fifth Circuit requires "filtration" of unprotected elements before comparing any protectable

expression. Plaintiffs **admit** their experts do not engage in any filtration,[1] and instead purport to

compare KCB and the HDD Mask in their entirety – precisely what the Fifth Circuit prohibited

in Nola Spice Designs, L.L.C. v. Haydel Enterprises, Inc., 783 F.3d 527 (5th Cir. 2015). This

Court should exclude Plaintiffs' experts because they apply the wrong legal criteria for analyzing

substantial similarity.

Berger's and Griffor's proposed opinions should be excluded for other reasons as well.

This case does not involve complex works that require experts to explain their similarities and

differences; expert testimony is inappropriate where, as here, the applicable test (identified in

---

[1] Doc. No. 111 ("Opp.") at 6. Defendants' Motion is Doc. No. 101, 101-1 ("Motion").

<u>Nola Spice</u> as the "second" part of the similarity analysis) is based on the perspective of a **layperson**. In addition, neither expert has any copyright expertise, and neither applies a sound methodology; instead, both rely on standards applicable to **trademark** law, not copyright law. Plaintiffs fail to explain how Berger's summary of a small number of random tweets, or Griffor's testimony about how a machine might perceive the works, is relevant or instructive as to any issue in this case. For all of these reasons, both experts must be excluded.

## I. BERGER AND GRIFFOR MUST BE EXCLUDED BECAUSE THEIR TESTIMONY IS INCONSISTENT WITH CONTROLLING LAW REQUIRING FILTRATION OF UNPROTECTED ELEMENTS.

Neither Berger nor Griffor disregarded unprotected ideas or elements in drawing conclusions about the two works at issue. Instead, Plaintiffs brazenly assert that the admissibility of their opinions "does not hinge on whether their expert reports contain a 'filtration' analysis."[2] Their cavalier dismissal of <u>Nola Spice</u> and other controlling authority is wrong as a matter of law: filtering out and disregarding unprotected material is required before comparing two works for "substantial similarity."

As set forth in Defendants' Summary Judgment Motion ("MSJ") and concurrently-filed Reply in support of their MSJ, <u>Nola Spice</u> is unequivocal on this point. In upholding the district court's grant of summary judgment due to the "absence of substantial similarity" between the bead dog creations at issue, the Fifth Circuit made clear that as a "first step" in the substantial similarity analysis, the court **must "distinguish between protectable and unprotectable elements of the copyrighted work."** The second step is "whether the allegedly infringing work bears a substantial similarity to the **protectable aspects** of the original work." <u>Nola Spice</u>, 783 F.3d at 550 (citations omitted, emphasis added). That has been the law in this Circuit for more

---

[2] Opp. at 6.

than 25 years.[3]

Plaintiffs do not even attempt to argue that Berger and Griffor applied this methodology. Instead, they rely on distinguishable and outdated cases to assert that the substantial similarity analysis does not require filtration at all.[4] For example, Plaintiffs' reliance on <u>Mattel Inc. v. Goldberger Doll Manufacturing Co.</u>, 365 F.3d 133, 136 (2d Cir. 2004) for the proposition that a doll's "own particularized expression" of facial features is entitled to copyright protection misreads the case, which actually supports **Defendants'** position. In <u>Mattel</u>, the Second Circuit held that because copyright does not protect ideas, Mattel could claim a copyright in a Barbie doll face that had certain characteristics, but that would not prevent a competitor from making a doll with the same characteristics, "**even if the competitor has taken the idea from Mattel's example,**" so long as the competitor did not copy Mattel's **original expression** of those features in the Barbie doll. 365 F.3d at 136 (emphasis added). <u>Nola Spice</u> is consistent with <u>Mattel</u>, and cites it for the proposition that (1) features such as an "upturned nose, bow lips, and wide eyes," which "are the 'idea' of a certain type of doll face … **belong[] not to Mattel but to the public domain**," and (2) the use of "anatomical features" are ideas that are not entitled to copyright protection. <u>Nola Spice</u>, 783 F.3d at 551 (emphasis added).

Here, <u>Nola Spice</u> and other cases requiring "filtration" of unprotected elements require carving out the generic idea of an cartoonish baby as a mascot, and the use of anatomical features in the depiction of a baby, such as blue eyes or chubby cheeks, before comparing any remaining creative expression. <u>Nola Spice</u> also makes clear that evidence of purported "confusion"

---

[3] <u>See</u>, <u>e.g.</u>, <u>Engineering Dynamics, Inc. v. Structural Software, Inc.</u>, 26 F.3d 1335, 1344, 1347 (5th Cir. 1994) (adopting filtration analysis and recognizing "anyone may copy uncopyrightable elements in a copyrighted work."); <u>see</u> <u>also</u> Reply In Support of Defendants' MSJ at 1, n.1.

[4] Opp. at 7-9.

between two works is **irrelevant** to substantial similarity where, as here, the alleged confusion is based on a comparison of the two works "in their entirety," including unprotectable ideas and generic elements. Id. at 553. Berger and Griffor both ignore these directives.

Berger's conclusion, and the random, isolated Internet posts on which he relies, are based on the general impression that KCB and HDD Mask look alike when viewed as a whole.[5] Griffor's fatal error is even more clear, because he **admits** that he **expressly** relied on all "**objects found**" in the two works, including commonplace, unprotectable features such as rosy cheeks and blue eyes in the depiction of a baby.[6] Because both experts' analyses are entirely incompatible with Nola Spice and the filtration requirement, their conclusions are irrelevant.

Plaintiffs' handful of other citations also fail to support their position. For example, in Boyds Collection v. Bearington Collection, Inc., 360 F. Supp. 2d 665 (M.D. Pa. 2005), the court recognized the **same** filtering test as Nola Spice:

> [The] substantial similarity test … **requires** the factfinder to differentiate **between protected and non-protected** aspects of the copyrighted design. Infringement occurs only when a challenged article incorporates those particular elements of the registered design that are **protected** under copyright law. **A work that shares only non-protected elements**, such as conceptual ideas or facts, with the copyrighted design **does not provide a basis for a claim of infringement**.

Id. at 663-64 (citations omitted; emphasis added). The district court's denial of the defendant's summary judgment motion in Boyds was based on the finding that "protected elements" in the plaintiffs' works – such as the specific depictions of the bears' "noses and muzzles," and ornamental clothing – were copied in the defendants' work. Id. Here, unlike Boyds, the alleged "similarities" between KCB and the HDD Mask consist of ideas and generic elements that are

---

[5] See Berger Report, Doc. 111-1 at pp. 4, 7-9, 15-50.

[6] See Griffor Report, Doc. 111-2 at p. 9 (describing Griffor's focus on staring eyes; high forehead, red cheeks; blue eyes; dipping lower lip; open mouth; teeth; and double chin).

unprotectable, and the Motion details numerous differences in the creative expression, all of which Berger and Griffor ignore. This precludes a finding of substantial similarity.[7]

Finally, Plaintiffs set up a strawman, claiming that the Fifth Circuit's "filtration" step would require Berger and Griffor to "filter out" "virtually every facial element (eyes, cheeks, mouth, teeth etc.)" in KCB.[8] Neither Defendants, nor the Fifth Circuit, require the Court to disregard **protectable expression**, if any, that is included in an anatomical depiction. But depicting anatomical features on a face is an idea that is "not entitled to copyright protection"; that unprotectable concept must be filtered out of the similarity comparison. Nola Spice, 783 F.3d at 551. Moreover, any protection for the expression of anatomical features is thin, such that even minor creative differences suffice to defeat "substantial similarity." Id. at 551-52; see also Enchant Christmas Light Maze & Mkt. Ltd. v. Glowco, LLC, __ F.3d __, 2020 WL 2487598, at *3, *4 (6th Cir. May 14, 2020) ("ideas first expressed by nature" warrant no copyright protection; original expression of natural elements receives only "thin" copyright protection).

Berger and Griffor ignore the filtration requirement. Their opinions incorporate comparisons of unprotected elements, which is impermissible under Nola Spice and a breach of the principle that "anyone may copy uncopyrightable elements[.]" Engineering Dynamics, 26 F.3d at 1343 (5th Cir. 1994). The question these experts purport to answer – whether a layperson

---

[7] Plaintiffs' citation to Pivot Point Int'l, Inc. v. Charlene Prods., 372 F.3d 913 (7th Cir. 2004) is even more misplaced. There, the issue was whether a mannequin head was merely "utilitarian" and hence, not eligible for copyright protection; it does not address or engage in a similarity analysis at all. Plaintiffs' only other citation is to Mistretta v. Curole, 1992 U.S. Dist. LEXIS 1210 (E.D. La. 1992), a preliminary injunction case that has never been cited by any other court. It contains only a cursory discussion of substantial similarity in dicta, but the list of similarities that the court identified easily distinguishes it from this case. Id. at *1. If it intended to reject a filtration requirement (which is unclear), it would no longer be good law, since it predates the Fifth Circuit's express recognition of the filtration test, as recognized by subsequent cases in this district. See, e.g., Batiste v. Naum, 28 F. Supp. 3d 595, 605 (E.D. La 2014).

[8] Opp. at 6.

viewing KCB and HDD Mask as a whole, **without** distinguishing between protectable and unprotectable element, would view them as similar – is not a proper question, either for an expert witness or a juror. Plaintiffs' experts will not assist the Court; instead, relying on their improper conclusions would lead it into reversible legal error.

II.     <u>**SUBSTANTIAL SIMILARITY IN THIS CASE CANNOT BE SHOWN THROUGH EXPERT TESTIMONY.**</u>

Defendants' Motion explained that permitting expert testimony on the "second step" analysis of substantial similarity is appropriate **only** if the works at issue are extremely complex, such that they are not readily comprehensible to the ordinary layperson. Motion at 16. "Substantial similarity" in areas such as "film or music" should be "judged **strictly** from the perspective of the ordinary lay listener or observer." <u>Batiste</u>, 28 F. Supp. 3d 605 (emphasis added). Plaintiffs ignore this authority. Their only response is that "the Fifth Circuit has **never** foreclosed the use of expert testimony" on substantial similarity.[9] But the Fifth Circuit has never **approved** expert opinion for this purpose; nor is there any indication it would do so under circumstances where, as here, the "ordinary observer" is capable of reviewing the works and assessing their similarities and differences. <u>See</u>, <u>e.g.</u>, <u>Gable v. NBC</u>, 727 F. Supp. 2d 815, 832-33 (C.D. Cal. 2010) (rejecting expert testimony comparing objective, readily understandable elements of screenplay and television show), <u>aff'd</u>, 438 F. App' 587 (9th Cir. 2011). The only case Plaintiffs cite for permitting expert testimony on substantial similarity involved a complex work that the court expressly found was "technical" and required "deciphering." <u>KB Home v. Antares Homes, Ltd.</u>, 2007 WL 1893370, at \*10 (N.D. Tex. June 28, 2007) ("the alleged copyright infringement involves technical architectural drawings, and the court believes that

---

[9] Opp. at 10 (emphasis in original).

expert testimony may aid and assist the jury in deciphering the plans and considering whether they are substantially similar."). <u>KB Home</u> case has no application here; an ordinary lay observer is capable of discerning similarities and differences between protected expression in two depictions of cartoonish babies without the assistance of a marketing consultant or a mathematician, no matter how much expertise they may have in their respective fields.

## III. THE COURT SHOULD EXCLUDE BERGER AND GRIFFOR BECAUSE PLAINTIFFS FAILED TO ESTABLISH THEIR METHODS ARE RELIABLE.

Both experts also rely on unsound methodology. Plaintiffs argue that Berger's report need not be "scientifically valid" to be reliable.[10] But even the cases they cite recognize that an expert's opinion must, at bare minimum, comport with "applicable professional standards," and must be based on "the knowledge and experience of the discipline." <u>Watkins v. Telsmith, Inc.</u>, 121 F.3d 984, 991 (5th Cir. 1997) (<u>citing</u> <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 589 (1993)). Berger's report fails both requirements. Plaintiffs fail to explain how a handful of tweets, or news stories reporting about Plaintiffs' allegations in this lawsuit, would provide the trier of fact with **any** useful information. They cite no "standard principles attendant to the particular area of expertise"[11] that would justify relying on a relatively insignificant collection of random tweets and Internet posts from anonymous sources, which are both inadmissible hearsay and based on general impressions of the work as a whole. Neither these materials nor conclusions based on them are proper in copyright cases, as explained above.

Berger does not disclose **any** methodology. He simply takes 73 tweets (out of approximately **one trillion** sent over the same six-year period) at face value, then makes the conclusory declaration that they are evidence of public "confusion." As Defendants pointed out

---

[10] Opp. at 11; <u>compare</u> Motion at 10-12.
[11] Opp. at 11, quoting Advisory Committee Notes to Rule 702 amendments in 2000.

in their Motion, however, there is no way to know whether these tweets are representative, or even whether they were posted by disinterested individuals.  Plaintiffs' assertion that this criticism only goes to the weight of the testimony, rather than its admissibility, is incorrect. Under Daubert, this Court cannot allow an expert to be a conduit for otherwise inadmissible random social media posts that lack any indicia of reliability, or any connection to the case beyond "conjecture."  United States v. Cytogel Pharma, LLC,, 2018 WL 6169266 (E.D. La. Nov. 26, 2018) (Morgan, J.).  In the face of a challenge, the sponsoring party bears the burden of showing some "objective, independent validation of the expert's methodology[.]"  United Fire Group v. Duro-Last, Inc.,, 2006 WL 5086616 at *3 (E.D. La. Sept. 21, 2006) (Engelhardt, J.); Moore v. Ashland Chemical, Inc., 151 F.3d 269, 276 (5th Cir. 1998) (en banc).  Plaintiffs do not even attempt to meet their burden here.

Similarly, Plaintiffs fail to offer any evidence or argument that validates (or even discusses) Griffor's reliance on human facial recognition software to evaluate static depictions of cartoonish faces, such as the works at issue here.  As the Motion pointed out, Griffor does not state or suggest that he **ever** has used his algorithms to compare dolls, masks, toys, sculptures, cartoons, or any other expressive works with fixed, unchanging expression, or even to compare faces of human babies.  Plaintiffs did not respond; nor did they identify **any** case where a court allowed "substantial similarity" in a copyright case to be shown through artificial intelligence.

Plaintiffs also ignore Griffor's fatal error in admitting that he **expressly** relied on the unprotectable elements of KCB to reach his conclusion, in disregard of Nola Spice and the other authorities cited above.  In fact, Griffor asserts that he found these stock, unprotected facial features to be "more relevant" to his analysis than any allegedly protected elements of KCB.[12]

---

[12] Griffor Report, Doc. 111-2  at p. 6.

These unanswered objections go to the opinions' admissibility, directly implicating the Court's "gate keeping" function under <u>Daubert</u>. "[E]xpert testimony is admissible only if it is both relevant and reliable." <u>Pipitone v. Biomatrix</u>, 288 F.3d 239, 243 (5th Cir. 2002). Irrelevant opinions – those that cannot properly be applied to the facts at issue – must be excluded. <u>See Curtis v. M & S Petroleum, Inc.</u>, 174 F.3d 661, 668 (5th Cir. 1999). The same is true of expert testimony based on faulty assumptions. <u>Daubert</u>, 509 U.S. at 592-93.

Berger's and Griffor's reports both fail all of these tests. They rest on the faulty assumption that substantial similarity may be shown through alleged public "confusion" about the works viewed as a whole, without distinguishing between protected and unprotected elements. They fail to disclose any reliable methodology applicable to the facts of this case, or to copyright in general. Where, as here, the proposed expert testimony fails to meet the basic requirements of relevance and reliability, the testimony is not merely weak – it is inadmissible.

## IV. THE COURT SHOULD EXCLUDE BERGER AND GRIFFOR BECAUSE THEY ARE UNQUALIFIED TO OPINE IN COPYRIGHT CASES.

As Defendants' Motion points out, neither Berger nor Griffor has **any** experience or expertise in copyright cases. Plaintiffs' response confirms that defect. Plaintiffs tout Berger's "extensive experience with intellectual property surveys with respect to similarity between **brands**,"[13] glossing over the fact that **all** of his intellectual property experience involves **trademark**; **none** of it involves **copyright**. These areas of law are not the same. "There is a great difference between the objective of trademark protection and the objective of copyright protection. The two legal doctrines are distinct, different, and separate." <u>Warner Bros. v. Dae Rim Trading, Inc.</u>, 677 F. Supp. 740, 760 (S.D.N.Y. 1988). In trademarks, where all of Berger's

---

[13] Opp. at p. 5 (emphasis added).

experience derives, the standard for infringement is consumer confusion; that is **not** the standard used to assess substantial similarity in copyright cases. <u>Nola Spice</u>, 783 F.3d at 552-53.

Griffor likewise does not have any copyright experience.[14] Plaintiffs brag about his credentials as a mathematician, but fail to explain how that expertise – or expertise in artificial intelligence and driver facial recognition – applies to inanimate cartoonish faces. His experience is in self-driving cars, a subject entirely unrelated to any issue in this case. Likewise, his prior opinions and publications, all of which involve vehicle cyber-security and higher mathematics, are irrelevant to the substantial similarity questions posed here. Plaintiffs also do not, and cannot, explain why the Court requires assistance of an artificial intelligence expert to opine on how protectable elements of the work would be viewed by a **layperson** (particularly because, as noted above, Griffor admittedly considers unprotected ideas and generic elements in his analysis). His opinion should be excluded from this case.

In short, because Plaintiffs' experts disregard Fifth Circuit precedent in their analysis, and their opinions are irrelevant and unreliable, this Court should grant Defendants' Motion, and exclude any opinions offered by these experts from the case.

Respectfully submitted,

| **DAVIS WRIGHT TREMAINE** | **PHELPS DUNBAR LLP** |
|---|---|
| /s/ *Kelli L. Sager* | |
| Kelli L. Sager (*pro hac vice*) | Mary Ellen Roy, T.A. (La. Bar #14388) |
| Eric M. Stahl (*pro hac vice*) | Dan Zimmerman (La. Bar #2202) |
| 865 S Figueroa Street, Suite 2400 | 365 Canal Street, Suite 2000 |
| Los Angeles, CA 90017 | New Orleans, Louisiana 70130-6534 |
| Tel.: (213) 633-6800/Fax: (213) 633-6899 | Tel.: (504) 566-1311/Fax (504) 568-9130 |
| kellisager@dwt.com | roym@phelps.com |
| ericstahl@dwt.com | dan.zimmerman@phelps.com |

**ATTORNEYS FOR DEFENDANTS**

---

[14] Like Berger, Griffor relies on the confusion test applicable to trademarks rather than the copyright infringement test of substantial similarity. Griffor Report, Doc. No. 111-2 at p. 5.