UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JONATHAN BERTUCCELLI et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNIVERSAL CITY STUDIOS LLC et al., <br><br> Defendants. | CIVIL ACTION <br><br> NO. 2:19-cv-01304-GGG-JCW(T)(2) <br><br> JUDGE GREG GERARD GUIDRY <br><br> MAGISTRATE JUDGE: <br> JOSEPH C. WILKINSON, JR. |

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

This Circuit's controlling law for evaluating substantial similarity is clear:

[W]here the copyrighted work contains unprotectable elements, **the first step is to distinguish between protectable and unprotectable elements of the copyrighted work.** … The **next inquiry is** whether the allegedly infringing work bears a **substantial similarity to the protectable aspects** of the original work. … This determination should be based on the perspective of a layman or ordinary observer.

Nola Spice Designs, L.L.C. v. Haydel Ent., Inc., 783 F.3d 527, 550 (5th Cir. 2015) (citations omitted, emphasis added ). This holding is hardly an aberration; the Fifth Circuit has required "filtering out" of unprotected elements for more than two decades.[1] Yet despite this unequivocal language, Plaintiffs suggest that the law is not really the law, urging this Court to skip the "first step" entirely and look only at the gestalt of the "whole" work, including the idea of using a cartoonish baby as a mascot. This disregard of established copyright principles – including those expressly set forth in the Copyright Act[2] – is unsupported by authority, and would be error.

---

[1] E.g., Kepner–Tregoe, Inc. v. Leadership Software, Inc., 12 F.3d 527, 533-34 (5th Cir. 1994) ("a court may have to filter out ... unprotectable elements of plaintiff's copyrighted materials to ascertain whether the defendant infringed protectable elements"); Engineering Dynamics, Inc. v. Structural Software, Inc., 26 F.3d 1335, 1344, 1347 (5th Cir. 1994) (adopting filtration analysis).

[2] 17 U.S.C. § 102(b) ("in no case does copyright protection extend to any idea"); see also Feist Publs. Inc. v. Rural Tel. Service Co., 499 U.S. 340 (1991) (facts are not copyrightable).

1

It also would not lead to a different result.  Plaintiffs' attempt to evade well-established law ignores that the "whole" of KCB is **not** just its face.  KCB is a "walking head" sculpture that, as a whole, is most notable for its crown, diaper, and bib – all dissimilar to the killer who wears the HDD Mask.[3]  Even if Plaintiffs' "gestalt" approach were the law (it is not) the allegedly copied material would not be "substantial" enough to support an infringement claim.[4]

Plaintiffs ignore the "similarity" analysis in the Motion, which addresses the specific elements they claimed were "copied" from KCB, and outlines the specific, expressive differences between KCB and the HDD Mask.[5]  Instead, with neither law or facts on their side, they resort to impermissible "expert" opinions, inadmissible Twitter comments, and Plaintiff Bertuccelli's conclusory denials as their "similarity" analysis[6] (coupled with ad hominem attacks on Defendants, mischaracterizations of evidence, and gratuitous assertions about irrelevancies).[7]  None of these attempts at misdirection substitute for legal analysis or evidence.  Plaintiffs failed to demonstrate substantial similarity of the works at issue; summary judgment should be granted.

**I.   THE HDD MASK IS NOT SUBSTANTIALLY SIMILAR TO PROTECTABLE EXPRESSION IN KCB.**

It is Plaintiffs' burden to prove substantial similarity; to avoid summary judgment, they must show facts and law sufficient to justify a verdict in their favor.  Little v. Liquid Air Corp., 37 F.3d 1069, 1071 (5th Cir. 1994).  Their burden is not satisfied by "conclusory assertions"; they must present "competent and admissible" evidence demonstrating "specific facts" showing

---

[3] Doc. 83 ¶¶ 35, 36; Doc. No. 104-1 ("Motion") at 14 n.56; Doc. No. 104-19, 22, 27, 33 (Exs. C, G, M).

[4] Motion at 15 n.61; Nola Spice, 783 F.3d at 550 (second step includes importance of allegedly "copied protected elements to the copyrighted work as a whole").

[5] Motion at 18-22; Doc. No. 104-43) ("SUF") at 40-67.

[6] See Defendants' concurrently-filed Objections.

[7] Plaintiffs' complaints about the timing of the Motion, and their meritless demand to depose defense counsel's paralegal, were addressed in Defendants' Oppositions to Plaintiffs' Motion To Continue and Motion To Strike (Doc. Nos. 113, 114), which are incorporated here.  See also Section I(D).

a "genuine issue for trial."[8] They did not come close to meeting this substantial burden.

### A. Unprotectable Elements Must Be Filtered Out In The Similarity Analysis.

Plaintiffs try to evade the Fifth Circuit's well-established standard for evaluating substantial similarity, by concocting a self-serving rule that would impose liability for copyright infringement without regard to whether alleged similarities involve protectable expression or not.[9] It disregards the principles repeatedly recognized by the Fifth Circuit and other courts – that the "filtering out" process is critical to prevent copyright law from being used to confer a monopoly over ideas and generic elements that are dictated by the subject-matter of the work. E.g., Eldred v. Ashcroft, 537 U.S. 186, 219 (2003) (copyright comports with the First Amendment's protection of free speech in part because it "distinguishes between ideas and expression and makes only the latter eligible for copyright protection").[10]

It also is contrary to this Circuit's controlling case law. See, e.g., Nola Spice, 783 F.3d at 550 (in substantial similarity analysis, "the first step is to distinguish between protectable and unprotectable elements of the copyrighted work.").[11] Plaintiffs' flimsy attempt to distinguish Nola Spice on the ground that the bead dogs involved in that case did not facial features[12] is a non sequitur, which ignores both the broadly applicable legal principle articulated by the Court, and the closely analogous circumstances in that case, where superficially similar sculptural

---

[8] Motion at 9 (citing authorities).

[9] Plaintiffs assert "all that is needed…is an ordinary side-by side comparison of the two works, a sampling of public reaction; and the sworn testimony of the artist of who created KCB." Opp. at 5, 13.

[10] See also Engineering Dynamics, 26 F.3d at 1344-45 ("the purpose of the Copyright Act [is] to protect an author's original, creative expression insofar as is compatible with … 'the free use and development of non-protectable ideas and processes.'"); Blehm v. Jacobs, 702 F.3d 1193, 1200 (10th Cir. 2012) (noting "'fundamental tenet' that copyright 'protection extends only to the author's original expression and not to the ideas embodied in that expression.'") (citations omitted).

[11] See also Ferguson v. NBC, 584 F.2d 111, 114 (5th Cir. 1978) ([i]It is not enough to place two works back to back, if both track their ancestries back to Bach.").

[12] Opp. at 13.

works depicting a limited collection of anatomical features were held not to be infringing. 783 F.3d at 551. Nor is there a different "rule" that applies to expressive works involving facial features. To the contrary, Nola Spice is consistent with a wealth of cases that have filtered out ideas and common anatomical features when analyzing infringement claims involving dolls, cartoon characters, and similar works.[13] Those cases recognize that any protection for the expression of such common features is thin, such that even minor creative differences suffice to defeat "substantial similarity." 783 F.3d at 551-52.[14]

Plaintiffs' reliance on out-of-circuit cases for their argument that this Court should conduct only a superficial "facial comparison" of the "overall look and feel"[15] should be rejected, because the Fifth Circuit – like other circuits – has rejected this approach. Nola Spice, 783 F.3d 527 at 553 (declining to consider evidence of similarity based on "a comparison of the two bead dog designs in their entirety" because it would be "based largely on unprotectable elements"); Batiste v. Najm, 28 F. Supp. 3d 595, 605 (E.D. La. 2014) (court "must attempt to extract the unprotectible elements from … consideration and ask whether the protectible

---

[13] E.g., Blehm, 702 F.3d at 1208 (plaintiff "has no copyright protection in general human features"; noting "the idea of a crescent-shaped smile is unprotected"); Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1317 (11th Cir. 2010) (no substantial similarity although teddy bears "share[d] the same basic anatomical features" including head, ears, eyes, nose, mouth, torso, and paws); Pasillas v. McDonald's Corp., 927 F.2d 440 (9th Cir. 1991) (man-in-the-moon masks depicting facial features not substantially similar after filtration of "standard elements"); Mattel, Inc. v. Azrak-Hamway Int'l, Inc., 724 F.2d 357, 360 (2d Cir. 1983) (claim rejected because "nearly all" similarity between dolls' bodies was attributable to "the same unprotectable idea – a superhuman muscleman crouching in … traditional fighting pose"); Belair v. MGA Entm't, Inc., 831 F. Supp. 2d 687, 698 (S.D.N.Y. 2011), aff'd, 503 F. App'x 65 (2d Cir. 2012) (although dolls may "bring to mind" plaintiff's image, he "cannot monopolize the abstract concept of an absurdly large-headed, long limbed, attractive, fashionable woman.")

[14] See also Enchant Christmas Light Maze & Mkt. Ltd. v. Glowco, LLC, __ F.3d __, 2020 WL 2487598, at *3, *4 (6th Cir. May 14, 2020) (finding lack of substantial similarity where alleged similarities "are inherent to the subject matter depicted, including animal features and naturally occurring animal poses"); Satava v. Lowry, 323 F.3d 805, 812 (9th Cir. 2003) (plaintiff "may not prevent others from copying elements of expression that nature displays for all observers"); Folkens v. Wyland Worldwide, LLC, 882 F.3d 768, 770 (9th Cir. 2018) (same; granting summary judgment).

[15] Opp. at 13-15.

4

elements standing alone are substantially similar.").

Second, Plaintiffs' own cited authorities do not support their position that the Court should by-pass filtration.  For example, in Mattel, Inc. v. Goldberger Doll Mfg. Co., 365 F.3d 133, 136 (2d Cir. 2004), the Second Circuit held that because copyright does not protect ideas, Mattel could not prevent a competitor from making a doll with the same characteristics as a Barbie doll, "**even if the competitor has taken the idea from Mattel's example,**" unless the competitor copied Mattel's **original expression** of those features.  365 F.3d at 136 (emphasis added).  Nola Spice cites this case for the propositions that (1) features such as an "upturned nose, bow lips, and wide eyes," which "are the 'idea' of a certain type of doll face … **belong[] not to Mattel but to the public domain**," and (2) the use of standard, "anatomical features" are ideas, which are not entitled to copyright protection.  783 F.3d at 551 (emphasis added).[16]

Plaintiffs' handful of other citations also fail to support their position.[17]  In Boyds Collection v. Bearington Collection, Inc., 360 F. Supp. 2d 655 (M.D. Pa. 2005), the court recognized the **same** filtering test as Nola Spice:

> [The] substantial similarity test … **requires** the factfinder to differentiate **between protected and non-protected** aspects of the copyrighted design.  Infringement occurs only when a challenged article incorporates those particular elements of the registered design that are **protected** under copyright law.  A work that shares only non-protected elements, such as conceptual ideas or facts, with the copyrighted design does not provide a basis for a claim of infringement.

Id. at 663-64 (citations omitted; emphasis added).  The result in Boyd was based on the finding

---

[16] Mattel also noted that where – as here – the facial features alleged to have been copied exist in "numerous other dolls," even similarity would not likely support an inference of copying.  365 F.3d at 135 n.2.  Here, the features Plaintiffs allege were copied from KCB are in countless prior works depicting babies (Doc. No. 104-19, Doc. Nos. 104-35 – 104-41 (Exs. O-U)), and must be filtered out.

[17] Pivot Point Int'l, Inc. v. Charlene Prods., 372 F.3d 913 (7th Cir. 2004) does not even address similarity.  Mistretta v. Curole, 1992 U.S. Dist. LEXIS 1210, at *1 (E.D. La. 1992) briefly discusses substantial similarity in dicta, but the list of similarities the court found easily distinguishes it from this case.  Mistretta also predates the Fifth Circuit's express recognition of the filtration test, which was recognized in subsequent cases in this district.  E.g., Batiste, 28 F. Supp. 3d at 605.

5

that the "protected elements" in the plaintiffs' works – such as the specific depictions of the bears' "noses and muzzles," and their ornamental clothing – were copied.  Id.

Here, under Nola Spice and other cases requiring "filtration" of unprotected elements, the Court must disregard generic ideas (a cartoonish baby as a mascot), and the use of common features in the depiction of a baby (e.g., blue eyes or chubby cheeks), before comparing any remaining creative expression.  That comparison shows that KCB and the HDD Mask are not substantially similar.  See Section I(B).

Plaintiffs' hyperbolic assertion that "filtering" as required by Nola Spice would a eliminate copyright protection from any works that have facial features, including "Mikey Mouse [sic]" – or would leave the court "comparing blank pages"[18] – is a red herring.  Courts have long applied the idea-expression dichotomy, filtration of generic elements, and similar principles to prevent creators from cutting off new expression by others, without this parade of horribles.  E.g., "Similarity of Unprotected Matters," 4 Nimmer on Copyright § 13.03[B][2] (2019).  The filtration test poses no threat to copyright for Mickey Mouse or any other work of original expression; instead, it ensures that other creators can depict their own cartoon mice without fear of a lawsuit arising from both works having beady eyes and a tail.  The test requires courts to look at similarities (and differences) in **protected expression**.  Thus, using Plaintiffs' example of Remington bronze sculptures, a court could not find substantial similarity with an allegedly infringing work merely because it also included a cowboy and a horse, or even a cowboy on a horse encountering a rattlesnake; these are ideas that every creator is free to use in their own original expressions.  E.g., Blehm, 702 F.3d at 1204 ("everyday activities, common anatomical features, and natural poses are ideas that belong to the public domain").  Nor is

---

[18] Opp. at 16.

Remington entitled to a monopoly on such generic items as a saddle, bridle, or cowboy hat; it is only unique expression of these elements that is protected. Id.; Motion at 11-13.

Similarly, Plaintiffs' flippant comment that the "filtering" requirement is like a "plagiarist [attempting to] excuse the wrong by showing how much of his work he did not pirate," citing Sheldon v. Metro-Goldwyn Pictures Corp., 81 F.2d 49, 56 (2d Cir. 1936), misunderstands both the requirement and Sheldon.  There, Judge Hand affirmed that ideas and generic features **cannot** give rise to infringement; his opinion states that "the defendants **were entitled to use** … the plaintiffs' contribution itself, if **they drew from it only the more general patterns; that is, if they kept clear of its 'expression.'**" Id. at 54 (emphasis added).  Liability was found only because several key scenes in the defendant's film were the "same, almost to the letter" as scenes in the plaintiff's play. Id. at 55.  The pithy phrase Plaintiffs take out of context was the court's rejoinder to the defendant's claim that much of its work was from a different play. Id. at 56.

Sheldon is not analogous here, despite Plaintiffs' attempt to muddy the water.  The only similarities Plaintiffs identify between KCB and the HDD Mask are **unprotectable** ideas (a cartoonish baby, or "creepy, funny" mascot), or elements common in depictions of "babies" that Plaintiffs **concede** are not original (e.g., "blue eyes" and "blushed cheeks").  Once ideas and generic elements are filtered out, the creative choices in the HDD mask and KCB are different.

    **B.**     **Plaintiffs Failed To Show Substantial Similarity Of Protectable Expression.**

Plaintiffs' Complaint identified seven elements they claimed were "copied" from KCB, but their Opposition **ignores** Defendants' factual showing illustrating out how each of those elements – and many more – are **different** in the two works.[19]  Defendants detailed at least 20 identifiable differences between KCB and the HDD Mask, including the depictions of eyes, ears,

---

[19] Motion at 18-23; Doc. No. 104-43 (SUF) Nos. 31-39, 40-67.

4841-2422-1885v.4 0103245-000015

mouth, nose, cheeks, head and face shape, coloring/finish, and depiction of different genders and characters.[20]  Defendants' evidence also shows that many aspects of KCB derive from traditional depictions of babies, or their natural anatomy, that are not original to KCB.[21]  Plaintiffs' failure to cite to **any** evidence in response should be deemed an admission of the facts in the SUF.  Fed. R. Civ. P. 56(c); Local Rule 56.2.  Given the uncontroverted, objective differences between KCB and the HDD Mask, there is no genuine issue for trial on the question of substantial similarity.

### C. Neither Plaintiffs' Experts Nor Anonymous Twitter Users Can Usurp This Court's Role In Evaluating Material Disputes About Substantial Similarity.

Plaintiffs seek to outsource the Court's adjudication of substantial similarity to random, mostly anonymous[22] Internet commentators who joke about superficial resemblances between KCB and the HDD Mask.[23]  This gambit cannot create an issue for trial.  First, because substantial similarity is determined by a "comparison of works," it is appropriate for the Court to decide as a matter of law.  King v. Ames, 179 F. 3d 370, 376 (5th Cir. 1999).[24]  Second, the Fifth Circuit has rejected this kind of evidence of public "confusion," finding such comments stem "from a comparison of the two [works] in their entirety, and would therefore have been based largely on unprotectable elements," and thus cannot "raise a genuine issue" about substantial similarity.  Nola Spice, 783 F.3d at 553.[25]

---

[20] Plaintiffs do not dispute these differences, because they cannot.  Their conclusory denials without facts or references to any admissible evidence should be disregarded.  See concurrently-filed Objections.

[21] See Doc. No. (SUF) 31-39 (including citations to judicially noticeable documents).

[22] Plaintiffs falsely assert that "cast members" in the Films "admitted" that KCB was copied, citing to a tweet by an extra who wore a mascot costume in *HDD2U* that says nothing of the kind.  The flippant comment – "@KingCakeBaby, you have nothing on me ;-)" speaks to the **differences** between two "baby" mascots, rather than admitting similarities (or "copying").

[23] See Opp. at 17; id. at 4-5; id. at Ex. 1; id. at Ex. 7.

[24] Motion at 16.  Plaintiffs do not even mention – much less distinguish – these cases.

[25] See also Ideal Toy, 443 F. Supp. 291, 304 (S.D.N.Y. 1977) (criticizing "dangerous precedent of allowing trial by the court to be replaced by trial by public opinion poll.")  These tweets are inadmissible

Nor may Plaintiffs evade summary judgment by asking this Court to defer to their hired "experts." As discussed in Defendants' Motion To Exclude, the opinion of Plaintiffs' putative experts James Berger and Dr. Griffor are both inadmissible under FRE 702.[26] Plaintiff may not substitute the views of random Twitter users or paid "experts" for the Court's function in adjudicating whether there is a triable issue on substantial similarity.

### D.  Access Is Irrelevant To Substantial Similarity.

Plaintiffs' emphasis on Tony Gardner having an image of KCB (along with other "baby" images) when he was creating HDD is entirely misplaced. As the Motion makes clear, access is irrelevant to of substantial similarity. E.g., Positive Black Talk Inc. v. Cash Money Records, Inc., 394 F.3d 357, 371 (5th Cir. 2004) ("the degree of **access never affects the [plaintiff's] ultimate burden to show substantial similarity**. … [Access] is irrelevant to the determination of whether that copying is legally actionable (i.e., whether there is substantial similarity).") (emphasis added); see also Batiste, 28 F. Supp. 3d at 600 (same); Skidmore v. Zeppelin, 952 F.3d 1051, 1069 (9th Cir. 2020) (access "in no way can prove substantial similarity").

Plaintiffs hyperbolically (and falsely) accuse Defendants of an "overt omission" in failing to address the issue of access.[27] In fact, the Motion disclosed that Gardner had an image of KCB, just as he had access to and awareness of many other images.[28] But because Plaintiffs failed to meet their burden of demonstrating substantial similarity, summary judgment is warranted. Nola Spice, 783 F.3d at 549 (granting summary judgment based on lack of

---

in any event. See, e.g., Motion at 13 note 53. Plaintiff Bertuccelli's self-serving affidavit also is inadmissible. See concurrently-filed Objections.

[26] Doc. No. 111; see also Reply Memorandum In Support Of Motion To Exclude Expert Opinions. Plaintiffs' Opposition references their other two designated experts, but **neither** opines on substantial similarity (nor could they do so anyway). See id., see also concurrently-filed Objections.

[27] Opp. at 7-8.

[28] See, e.g., Mot. at 10; see also Doc. No. 104-2 at ¶ 8.

substantial similarity even though defendant did not dispute access or factual copying).[29]

## II.   STUDIO 3 HAS NO LEGAL GROUND FOR ANY CLAIM.

Plaintiffs effectively concede that Studio 3 has no legal ground for any claim because it does not own any copyright interest in KCB.[30]  Their supposed motivation for including this improper plaintiff is irrelevant.  Judgment should be entered against Studio 3.

Plaintiffs' lawsuit epitomizes that "obsessive conviction, so frequent among authors and composers, that all similarities between their works and any others which appear later must inevitably be ascribed to plagiarism."  Dellar v. Samuel Goldwyn, Inc., 150 F.2d 612, 613 (2d Cir. 1945).  Fortunately for Bertuccelli, copyright law did not prevent him from creating his own version of a "baby," even though other creators before him had done so for centuries.  But it also does not permit him to claim a monopoly on the depiction of a cartoonish baby.  Because Plaintiffs cannot meet their burden of proving substantial similarity of protectable expression between KCB and the HDD Mask, their claims must be dismissed.  Respectfully submitted,

| **DAVIS WRIGHT TREMAINE LLP** | **PHELPS DUNBAR LLP** |
|---|---|
| _/s/Kelli L. Sager_<br>Kelli L. Sager (*pro hac vice*)<br>kellisager@dwt.com<br>Eric M. Stahl (*pro hac vice*)<br>ericstahl@dwt.com<br>865 South Figueroa Street, 24th Floor<br>Los Angeles, California  90017-2566<br>Tel:  (213) 633-6800/Fax (213) 633-6899 | Mary Ellen Roy, T.A. (La. Bar #14388)<br>Dan Zimmerman (La. Bar #2202)<br>365 Canal Street, Suite 2000<br>New Orleans, Louisiana 70130-6534<br>Telephone: (504) 566-1311/Telecopier: (504) 568-9130<br>roym@phelps.com<br>dan.zimmerman@phelps.com |

**Attorneys for Defendants**

---

[29] Plaintiffs grossly distort the evidence, claiming that Gardner "admitted his sculptor destroyed their rejected first attempt and quickly copied KCB."  Opp. at 7.  **That is false.**  Gardner testified that he received input from director Chris Landon after completing an initial version of the "lifecast bust"; the sculptor then revised the eyes and mouth in the pliable clay bust to make it look more "animated/ exaggerated."  The changes to the version that "was already there" did not take long.  See attached Exhibit 1 at 130:12-132:4.  That version already contained original expression different from KCB (id.); most importantly, it was further revised over the next **three weeks** into a final version that **differs** from KCB in all of the ways detailed in the Motion.  Doc. No. 104-2 ¶ 11; Docs. 104-11,-13

[30] Motion at 9 n.48; SUF 27-29.

4841-2422-1885v.4 0103245-000015