UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JONATHAN BERTUCCELLI, and STUDIO 3, INC.,<br><br>VERSUS<br><br>UNIVERSAL CITY STUDIOS LLC, et al. | CIVIL ACTION NO. 2:19-CV-1304(T)(2)<br><br>JUDGE:<br>GREG GERARD GUIDRY<br><br>MAGISTRATE JUDGE:<br>DONNA PHILLIPS CURRAULT |

**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' RESPONSE TO SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendants Universal City Studios LLC, Universal City Studios Productions LLLP, Blumhouse Productions, LLC, Tree Falls In The Woods, L.L.C., Anthony "Tony" Robert Gardner, The Alterian Ghost Factory, Inc., Trick or Treat Studios, and Foe Paw Films, LLC, respectfully object to Plaintiffs' Response (Doc. 233, "Response") to Defendants' submission of Digital Drilling Data Systems, L.L.C. v. Petrolink Services, Inc., __ F.3d __, 2020 WL 3603953 (5th Cir. July 2, 2020) ("DDDS") as supplemental authority in support of Defendants' pending Motion for Summary Judgment.

Plaintiffs' Response misconstrues DDDS. The case does not, as Plaintiffs argue, eschew the "filtration approach" in favor of a comparison of the works "as a whole." Response at 2, 5. To the contrary, DDDS clearly holds that in evaluating substantial similarity, unprotected material must be filtered out and disregarded; only protectable elements can be considered in the side-by-side comparison. See 2020 WL 3603953, at *3 (noting district court's substantial similarity comparison disregarded unprotected "corrected data values," and compared only protectable database "schema"); id., 2020 WL 3603953 at *5 ("the importance of the corrected data is beside the point, since that data is unprotected by copyright law."). The decision reaffirms that the plaintiff bears an **additional** burden of proving the "qualitative and quantitative importance of the copied material **to the plaintiff's work as a whole**." Id.

(emphasis in original) (quoting Nola Spice Designs, L.L.C. v. Haydel Enters. Inc., 783 F.3d 552 (5th Cir. 2015)).  Contrary to Plaintiffs' assertion, this additional requirement does not mean that the comparison of the works includes unprotected elements.  DDDS, 2020 WL 3603953 at *5 (considering "qualitative importance" of protected schema and disregarding unprotected data).[1]

DATED: July 21, 2020

Respectfully submitted,

**DAVIS WRIGHT TREMAINE LLP**

  /s/Eric M. Stahl
Eric M. Stahl (*pro hac vice*)
  ericstahl@dwt.com
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
Telephone:  (206) 757-8148
Fax:  (206) 757-7148

Kelli L. Sager (*pro hac vice*)
  kellisager@dwt.com
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

**PHELPS DUNBAR LLP**

Mary Ellen Roy, T.A. (La. Bar #14388)
  roym@phelps.com
Dan Zimmerman (La. Bar #2202)
  dan.zimmerman@phelps.com
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311

---

[1] Defendants also object that most of the Response consists of argument and unsupported factual assertions that are entirely unrelated to the supplemental authority.  The Court should disregard Plaintiffs' improper attempt to re-argue their response to Defendants' motion for summary judgment.

2

ATTORNEYS FOR DEFENDANTS
UNIVERSAL CITY STUDIOS LLC,
UNIVERSAL CITY STUDIOS PRODUCTIONS
LLLP, BLUMHOUSE PRODUCTIONS, LLC,
TREE FALLS IN THE WOODS, L.L.C.,
ANTHONY "TONY" ROBERT GARDNER, THE
ALTERIAN GHOST FACTORY, INC., TRICK
OR TREAT STUDIOS, AND FOE PAW FILMS,
LLC

4834-3276-4867v.3 0103245-000015