UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JONATHAN BERTUCCELLI and STUDIO 3, INC | CIVIL ACTION |
| VERSUS | NO: 19-1304 |
| UNIVERSAL CITY STUDIOS LLC, ET AL. | SECTION: T (2) |

## ORDER

Before the Court is a Motion to Exclude Opinion Testimony by Plaintiffs' Proposed Experts, James T. Berger and Edward R. Griffor[1] filed by Universal City Studios LLC, Universal City Studios Productions LLLP, Blumhouse Productions, LLC, Tree Falls In The Woods, L.L.C., Anthony "Tony" Robert Gardner, The Alterian Ghost Factory, Inc., Trick or Treat Studios, and Foe Paw Films, LLC, ("Defendants"). Jonathan Bertuccelli and Studio 3, Inc. ("Plaintiffs") have filed an opposition.[2] For the following reasons, the Motion to Exclude Opinion Testimony by Plaintiffs' Proposed Experts, James T. Berger and Edward R. Griffor,[3] is **DENIED.**

## BACKGROUND

This action involves Plaintiffs' claim seeking damages for alleged violations of the Copyright Act, 17 U.S.C. § 101 *et seq*. In 2009, Plaintiffs created an expressionist art image referred to as "King Cake Baby" ("KCB"). Plaintiffs have used KCB throughout the United States under its permitted use as a walking head mascot for the New Orleans Pelicans. Plaintiffs contend Defendants' use of a mask of a cartoonish baby face in the 2017 feature film Happy Death Day and its sequel, Happy Death Day 2U ("Films"), infringes Plaintiffs' KCB copyright.

---

[1] R. Doc. 101.
[2] R. Doc. 111.
[3] R. Doc. 101.

1

Defendants now move to exclude any opinion testimony by Plaintiffs' proposed experts, James T. Berger and Edward R. Griffor, as inadmissible under the Federal Rules of Evidence and the standard set out in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589, 593-95 (1993). Defendants contend the proposed testimony is inconsistent with the Fifth Circuit's test for determining "substantial similarity" in copyright cases, both because the proposed testimony fails to distinguish between protectable expression and elements of the works that are unprotected by copyright, and because substantial similarity cannot be shown through expert testimony. Defendants further assert that the proposed testimony because is unreliable and that neither witness is qualified to opine on issues related to copyright infringement.

Plaintiffs contend Mr. Berger's and Dr. Griffor's expert opinions are reliable and beneficial to both the Court and jury. Plaintiffs assert that Mr. Berger reliably applied his decades of knowledge and experience in intellectual property and marketing evaluation to analyze laypersons' perception of real and actual side-by-side comparisons of KCB and the Happy Death Day mask. Plaintiffs further contend that Dr. Griffor reliably applied mathematical analysis using artificial intelligence facial and target algorithms to predict human response to similarity between KCB and the Happy Death Day mask. Both experts determined that most people would treat KCB and the Happy Death Day mask as substantially similar.

## LAW AND ANALYSIS

Federal Rule of Evidence 702 provides: "A witness who is qualified as an expert by knowledge, skill, experience, training, or education, may testify in the form of opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert

2

has reliably applied the principles and methods to the facts of the case."[4] When expert testimony is challenged under Rule 702 and *Daubert*, the burden of proof rests with the party seeking to present the testimony.[5]

In *Daubert*, the Supreme Court established a two-part test for judges to perform in determining the admissibility of expert testimony.[6] First, the court must determine whether the expert's testimony reflects scientific knowledge, is derived by the scientific method, and is supported by appropriate validation.[7] Second, the court must determine whether the testimony will assist the trier of fact to understand the evidence.[8] "A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject."[9] However, "Rule 702 does not mandate that an expert be highly qualified in order to testify about a given issue."[10] "Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility."[11]

The Court finds Mr. Berger is qualified to testify as an expert. Mr. Berger serves as a Principal of Market Strategies, LLC, a market communications and litigation consulting firm that provides services regarding intellectual property and marketing-related matters. Mr. Berger has had extensive experience with intellectual property surveys with respect to similarity between brands and trademarks, including significant experience in the evaluation of intellectual property perception in the public. He has authored numerous published articles in the realm of intellectual

---

[4] Fed. R. Evid. 702; *see Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993); *United States v. Hitt*, 473 F.3d 146, 148 (5th Cir.2006).
[5] *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269, 276 (5th Cir.1998).
[6] *Daubert*, 509 U.S. at 588; *Hitt*, 473 F.3d at 148.
[7] *Daubert*, 509 U.S. at 590.
[8] *Daubert*, 509 U.S. at 591.
[9] *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009) (quoting *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999)).
[10] *Huss*, 571 F.3d at 452.
[11] *Huss*, 571 F.3d at 452.; *see also Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").

property and marketing, communications, and two books on trademark surveys. Therefore, the Court finds that Mr. Berger is qualified to testify as an expert.

The Court also finds Dr. Griffor is qualified to testify as an expert. Dr. Griffor is the Associate Director for Cyber-Physical Systems at the National Institute of Standards and Technology (NIST) in Washington, DC, and holds a Ph. D. in Mathematics from the Massachusetts Institute of Technology, and a Habilitation/European Doctor's Degree in Electrical Engineering and Mathematics from the University of Oslo. Dr. Griffor has experience with algorithmic reasoning for artificial intelligence-enabled driving systems, including facial recognition technology and is considered an expert in the field of facial target recognition. The Court finds Dr. Griffor's methodology reliable given that he conducted an artificial intelligence assisted facial recognition analysis of the King Cake Baby and Happy Death Day mask to determine whether the use of mathematics and target facial recognition algorithms comparing the two works would find that human perception would view the works as substantially similar. Accordingly, the Court finds Dr. Griffor is qualified to testify as an expert in this case. Defendants' concerns with James T. Berger and Edward R. Griffor can be explored on cross-examination but do not necessitate completely excluding their opinions and testimony.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion to Exclude Opinion Testimony by Plaintiffs' Proposed Experts, James T. Berger and Edward R. Griffor[12] is **DENIED**.

**New Orleans, Louisiana**, on this 21st day of October, 2020.

GREG GERARD GUIDRY<br>
UNITED STATES DISTRICT JUDGE

---

[12] R. Doc. 101.