UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JONATHAN BERTUCCELLI, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19- 1304** |
| **UNIVERSAL CITY STUDIOS LLC, et al..** | **SECTION: T** |

### ORDER

Before the Court is a Motion for Summary Judgment[1] filed by University City Studios LLC, Universal City Studios Productions LLLP, Blumhouse Productions, LLC, Tree Falls In The Woods, L.L.C., Anthony "Tony" Robert Gardner, The Alterian Ghost Factory, Inc., Trick or Treat Studios, and Foe Paw Films, LLC ("Defendants"). Jonathan Bertuccelli and Studio 3, Inc. ("Plaintiffs") have filed an opposition.[2] For the following reasons, the Motion for Summary Judgment[3] is **DENIED.**

### BACKGROUND

This action involves Plaintiffs' claim seeking damages for alleged violations of the Copyright Act, 17 U.S.C. § 101 *et seq*. In 2009, Plaintiffs created an expressionist art image referred to as "King Cake Baby" ("KCB"). Plaintiffs have used KCB throughout the United States under its permitted use as a walking head mascot for the New Orleans Pelicans. Plaintiffs contend Defendants use of a mask of a cartoonish baby face ("HDD Mask") in the 2017 feature film Happy Death Day and its sequel, Happy Death Day 2U, infringes Plaintiffs' KCB copyright. Defendants have now moved for summary judgment contending Plaintiffs cannot meet their burden of

---

[1] R. Doc. 104.
[2] R. Doc. 110.
[3] R. Doc. 104.

establishing that Defendants' HDD Mask is "substantially similar" to KCB. The KCB and HDD Mask are depicted below:

  

**HDD Mask**                     **KCB**

## LAW AND ANALYSIS

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[5] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[6]

To establish a claim for copyright infringement, a plaintiff must show: (1) that he owns a valid copyright, and (2) that the defendant copied constituent elements of the plaintiff's work that are original and copyrightable.[7] "To establish actionable copying (i.e. the second element), a

---

[4] Fed. R. Civ. P. 56(a).
[5] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).
[6] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).
[7] *Positive Black Talk, Inc. v. Cash Money Records*, 394 F.3d 357, 367 (5th Cir.2004), *abrogated on other grds by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 130 S.Ct. 1237, 176 L.Ed.2d 18 (2010); *Engineering Dynamics, Inc. v. Structural Software, Inc.*, 26 F.3d 1335, 1340 (5th Cir.1994), *supplemented* 599, 46 F.3d 408 (5th Cir.1995).

plaintiff must prove: (1) factual copying and (2) substantial similarity."[8] To show the second element of a copyright infringement claim, copying, "a plaintiff must prove: (1) factual copying and (2) substantial similarity."[9]

"To determine whether two works are substantially similar, 'a side-by-side comparison' must be made between the copyrighted and allegedly infringing works."[10] The Fifth Circuit has advised that "substantial similarity may be measured by comparing the products as a whole, but the more exact a duplication of constituent pieces of a work the less overall similarity that may be required."[11] Where the copyrighted work contains unprotectable elements, the first step is to distinguish between protectable and unprotectable elements of the copyrighted work.[12] The next inquiry is whether the allegedly infringing work bears a substantial similarity to the protectable aspects of the original work.[13] This determination should be based on the perspective of a "layman" or "ordinary observer."[14]

Defendants contend Plaintiffs cannot establish substantial similarity between KCB and the HDD Mask. Defendants assert that the Plaintiffs' copyrighted work contains several unprotectable elements, including that both works are used as "mascots," viewers describe both works as "funny," and KCB's anatomical features are generic. Defendants contend that KCB's blue arched eyes, "blushed" cheeks, open mouth showing teeth, and "large cheeks" with a "double chin" are unprotectable elements.

---

[8] *Positive Black Talk, Inc.,* 394 F.3d at 367.
[9] *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 251 (5th Cir. 2010).
[10] *S. Credentialing Support Servs., LLC v. Hammond Surgical Hosp. LLC*, 2018 WL 1287493, at *2 (E.D. La. Mar. 13, 2018), *aff'd sub nom. S. Credentialing Support Servs., L.L.C. v. Hammond Surgical Hosp., L.L.C.*, 946 F.3d 780 (5th Cir.2020).
[11] *Eng'g Dynamics, Inc. v. Structural Software, Inc.*, 46 F.3d 408, 410 (5th Cir. 1995).
[12] *Nola Spice Designs, L.L.C. v. Haydel Enterprises, Inc.,* 783 F.3d 527, 550 (5th Cir.2015) *(internal citations omitted)*.
[13] *Id.*
[14] *Id.*

Next, Defendants contend that the KCB and the HDD Mask plainly are not "substantially similar." Regarding the eyes, Defendants contend KCB's and the HDD Mask's eyes shows the artists made significantly different artistic choices, resulting in expression that is not similar because KCB's pupils are perfect circles. Defendants contend the coloring and finish of the works are not similar because KCB looks like a plastic toy and that the head shape is not protected by KCB's copyright. Defendants, finally, assert that the eyes, mouth, and nose of the works are not substantially similar. However, after reviewing the competent summary judgment evidence and conducting "a side-by-side comparison"[15] of the works, the Court finds that Plaintiffs have submitted evidence establishing that a factfinder could find substantial similarities between KCB and the HDD Mask. Therefore, Defendants are not entitled to summary judgment as a matter of law.

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Motion for Summary Judgment[16] is **DENIED.**

**New Orleans, Louisiana**, on this 21st day of October, 2020.

*[signature]*
**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[15] *S. Credentialing Support Servs., LLC v. Hammond Surgical Hosp. LLC*, 2018 WL 1287493, at *2 (E.D. La. Mar. 13, 2018), *aff'd sub nom. S. Credentialing Support Servs., L.L.C. v. Hammond Surgical Hosp., L.L.C.*, 946 F.3d 780 (5th Cir.2020).
[16] R. Doc. 104.