UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JONATHAN BERTUCCELLI and                          CIVIL ACTION
STUDIO 3, INC

VERSUS                                            NO: 19-1304

UNIVERSAL CITY STUDIOS LLC, ET                    SECTION: T (2)
AL.

## ORDER

Before the Court is a Motion *In Limine* to Exclude Improper Evidence Concerning Alleged Similarities Between the Works at Issue[1] filed by Universal City Studios LLC, Universal City Studios Productions LLLP, Blumhouse Productions, LLC, Tree Falls In The Woods, L.L.C., Anthony "Tony" Robert Gardner, The Alterian Ghost Factory, Inc., Trick or Treat Studios, and Foe Paw Films, LLC, ("Defendants"). Jonathan Bertuccelli and Studio 3, Inc. ("Plaintiffs") have filed an opposition.[2] For the following reasons, the Motion *In Limine* to Exclude Improper Evidence Concerning Alleged Similarities Between the Works at Issue[3] is **DENIED.**

This action involves Plaintiffs' claim seeking damages for alleged violations of the Copyright Act, 17 U.S.C. § 101 *et seq*. In 2009, Plaintiffs created an expressionist art image referred to as "King Cake Baby" ("KCB"). Plaintiffs have used KCB throughout the United States under its permitted use as a walking head mascot for the New Orleans Pelicans. Plaintiffs contend Defendants use of a mask of a cartoonish baby face ("HDD Mask") in the 2017 feature film Happy Death Day and its sequel, Happy Death Day 2U, infringes Plaintiffs' KCB copyright.

---

[1] R. Doc. 150.
[2] R. Doc. 172.
[3] R. Doc. 150.

Defendants seek an Order preventing any references or evidence that purport to compare the two works at issue in their "entirety," without filtering out unprotectable elements, including but not limited to (1) social media posts, Internet publications, and similar commentary by members of the public purporting to compare KCB and the HDD Mask in their entirety; and (2) testimony by Plaintiff Jonathan Bertuccelli or others that purports to compare the two works as a whole.

Defendants contend that Plaintiffs' burden in this copyright infringement case requires them to demonstrate that protectable expression in their KCB sculpture is substantially similar to the cartoonish baby face mask used to disguise the killer's identity in Defendants' films, after unprotectable ideas and unoriginal elements are filtered out.[4] Defendants assert Plaintiffs will attempt to draw an "overall" comparison between the two works – without engaging in the required "filtering out" of ideas and other unprotected elements – which would seriously prejudice Defendants by misleading and confusing the jury. Therefore, Defendants claim that a side-by-side comparison of the works is inadmissible under Federal Rules of Evidence 402 and 403.

Plaintiffs contend they are entitled to submit evidence on similarities between the Happy Death Day mask and the particularized expression of the allegedly infringed work. Plaintiffs further assert that in order for Plaintiffs to prove that their particularized expression was infringed, a side-by-side comparison of that expression to the Happy Death Day mask is necessary. Plaintiffs claim that Defendants' motion is premature to the extent it concerns lay witness trial testimony and that Defendants' motion attempts to supplant the Court's role in conveying the applicable law through jury instructions.

---

[4] *Nola Spice Designs, L.L.C. v. Haydel Enterprises, Inc.,* 783 F.3d 527, 550 (5th Cir.2015) *(internal citations omitted)*.

2

Under Fed. R. Evid. 402, "[e]vidence which is not relevant is not admissible." Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Even if evidence has some probative value, the Court may exclude it if the risk of confusing the issues and misleading the jury outweighs the probative value. Fed. R. Evid. 403.

The Court finds that Defendants' request for a blanket order preventing any references or evidence that purport to compare the two works at issue in their "entirety," without filtering out unprotectable elements, is overbroad and premature. Defendants have failed to establish that any reference that compares the two works at issue, without filtering out unprotectable elements, would risk confusing the issues or misleading the jury. Defendants can address these issues through objections, cross-examination, and proposed jury instructions if the need arises at trial.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion *In Limine* to Exclude Improper Evidence Concerning Alleged Similarities Between the Works at Issue[5] is **DENIED.**

**New Orleans, Louisiana**, on this 29th day of October, 2020.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[5] R. Doc. 150.