UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JONATHAN BERTUCCELLI and STUDIO 3, INC | CIVIL ACTION |
| VERSUS | NO: 19-1304 |
| UNIVERSAL CITY STUDIOS LLC, ET AL. | SECTION: T (2) |

## ORDER

Before the Court is a Motion *In Limine* To Exclude References at Trial to Irrelevant and/or Prejudicial Matters[1] filed by Universal City Studios LLC, Universal City Studios Productions LLLP, Blumhouse Productions, LLC, Tree Falls In The Woods, L.L.C., Anthony "Tony" Robert Gardner, The Alterian Ghost Factory, Inc., Trick or Treat Studios, and Foe Paw Films, LLC, ("Defendants"). Jonathan Bertuccelli and Studio 3, Inc. ("Plaintiffs") have filed an opposition.[2] For the following reasons, the Motion *In Limine* To Exclude References at Trial to Irrelevant and/or Prejudicial Matters[3] is **DENIED**.

Defendants seek an Order prohibiting any reference, in opening statements/closing arguments, testimony, or other evidence/argument in front of the jury, to any of the following:

1. References to the parties' relative wealth, income, economic status, size, or place of residence, including any reference to the fact that the two Universal entities are ultimately owned by a larger parent (Comcast), that the Defendants are "big companies, … [who] all too often take advantage of the little guy," or any other statement or suggestion that Defendants (or any of them) have "deep pockets";

---

[1] R. Doc. 147.
[2] R. Doc. 176.
[3] R. Doc. 147.

1

2. Any references to Defendants' insurance policies, insurance coverage, or insurers;

3. Inappropriate references to the firm size, location, offices, clientele, purported rates, or similar descriptions of parties' counsel, including references to Defendants' lead counsel as a "large national firm with offices in high rise buildings" in California, or to Plaintiffs' counsel as small town Southern lawyers who "fight for those who don't have anyone else to fight for them";

4. Derogatory or pejorative labels for Defendants or their businesses, including phrases like "Hollywood accounting";

5. References to alleged conduct by any of the Defendants unrelated to the Films at issue in this case, including negative comments about whether makeup artists, maskmakers, costume designers, or actors were inadequately paid or credited for work on entirely different projects many decades ago, or references to purported sanctionable conduct by Universal (or any other defendant) in unrelated matters; and

6. References to Plaintiffs' pre-litigation demands and Defendants' response or alleged failure to respond to those demands.

Defendants contend all of these matters are inadmissible under Rule 402 of the Federal Rules of Evidence because they are irrelevant to any issues that will be presented to the jury. Defendants further assert that references to these matters should be excluded under Rule 403 because if any probative value exists, it is substantially outweighed by the risks of unfair prejudice, confusion of the issues, and misleading the jury. Finally, Defendants claim that other Rules of Evidence also expressly forbid references to some of these matters, including Rule 411 and Rule 404.

      Plaintiffs contend that Defendants first request is overbroad and that it would be impossible to present the case without making a reference to income because income and the revenue derived

from infringing work is a central element of damages. Plaintiffs further claim that it would not be possible to utilize that evidence without references to who Universal is, companies to which they are affiliated, and how their financials are maintained as a result of their status as a publicly traded entity. Plaintiffs represent that they do not intend to argue that simply because Universal is publicly traded, it should be held liable, or simply because Universal reports significant income from this film, or any other projects, that it should be held liable. The Court finds that Defendant's request for a blanket order precluding Plaintiffs from referencing the parties' relative wealth, income, economic status, size, or place of residence, including any reference to the fact that the two Universal entities are ultimately owned by a larger parent is overbroad. Therefore, the Court will deny Defendants' request.

Second, Plaintiffs represent that they have no intention of suggesting that the mere existence of insurance for any party is relevant to determining whether they are liable, or the amount of damages which should be awarded. However, Plaintiffs indicate they may use evidence related to how the insurance information was disclosed as a point of impeachment to certain witnesses Universal may choose to call at trial. The Court will not preclude Plaintiff's ability to impeach witnesses, if necessary, at trial. Therefore, the Court will deny Defendants' request.

Third, Plaintiffs represent they do not intend to make any inappropriate references to the firm size, location, offices, clientele, purported rates, or similar descriptions of parties' counsel, including references to Defendants' lead counsel as a "large national firm with offices in high rise buildings" in California. Therefore, the Court will deny Defendants' request.

Fourth, Plaintiffs assert Defendants' request is vague and that Plaintiffs intend to focus in a much more discerning fashion on the weaknesses, inconsistencies, and invalid approaches the Defendants have taken on accounting and their financial disclosures. The Court finds Defendants'

3

request to prohibit Plaintiffs from using "derogatory or pejorative labels for Defendants or their businesses" to be vague, and will, therefore, deny Defendants' request.

Fifth, Plaintiffs contend this request is related to the Plaintiffs' Motion to Strike, the results of which should simply stand on their own and that it is not necessary for the Court to preemptively engage in prohibiting certain types of evidence at trial. Plaintiffs further claim that Plaintiffs evidence will depend somewhat on how the Defendants put on evidence in their case in chief. The Court finds that Defendants' request to prohibit Plaintiffs from referencing any alleged conduct by any of the Defendants unrelated to the Films at issue in this case to be overbroad. Therefore, the Court will deny Defendants' request.

Finally, Plaintiffs contend that the notice letter provided to Blumhouse speaks for itself, and that the jury can weigh the credibility of Jason Blum's testimony as to what happened with that letter. The Court finds Defendants have failed to establish that any reference to Plaintiffs' pre-litigation demands are inadmissible or substantially outweighed by the risks of unfair prejudice, confusion of the issues, and misleading the jury to justify a blanket exclusion at this time. Therefore, the Court will deny Defendants' request. Defendants may raise appropriate objections or explore these issues on cross-examination at trial.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the the Motion *In Limine* To Exclude References at Trial to Irrelevant and/or Prejudicial Matters[4] is **DENIED.**

**New Orleans, Louisiana**, on this 29th day of October, 2020.

*Greg Gerard Guidry*
**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[4] R. Doc. 147.