UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JONATHAN BERTUCCELLI and STUDIO 3, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNIVERSAL CITY STUDIOS LLC; UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP; BLUMHOUSE PRODUCTIONS, LLC; TREE FALLS IN THE WOODS, L.L.C.; ANTHONY "TONY" ROBERT GARDNER; THE ALTERIAN GHOST FACTORY, INC.; TRICK OR TREAT STUDIOS; and JOHN AND JANE DOES 1-47, <br><br> Defendants. | CIVIL ACTION <br><br> NO. 2:19-cv-01304-GGG-JCW <br><br> JUDGE: <br> GREG GERARD GUIDRY <br><br> MAGISTRATE JUDGE: <br> JOSEPH C. WILKINSON, JR. |

## JOINT STATUS REPORT

Pursuant to the Court's September 24, 2020 Scheduling Order, the parties hereby submit this Joint Status Report.

**A.     List of Parties and Counsel**

Plaintiffs Jonathan Bertuccelli and Studio 3, Inc. (jointly, "Plaintiffs") are represented by John A. Scialdone, John Steven Garner, and David Neil Harris, Jr. of Scialdone Law Firm, PLLC, and Bill Luckett of Luckett Law Firm, P.A.

Defendants Universal City Studios LLC, Universal City Studios Productions LLLP, Blumhouse Productions, LLC ("Blumhouse"), Tree Falls in the Woods, L.L.C., Anthony "Tony" Robert Gardner, The Alterian Ghost Factory, Inc., Trick or Treat Studios and Foe Paw Films,

LLC (collectively, "Defendants") are represented by Kelli L. Sager and Eric M. Stahl of Davis Wright Tremaine, LLP, and Mary Ellen Roy and Dan Zimmerman of Phelps Dunbar, LLP.

**B.     Motions**

Since the parties' scheduling conference with the Court on September 24, 2020, the Court has denied the following motions: Defendants' *Motion for Summary Judgment* (R.Doc. 104); Defendants' *Request for Judicial Notice* (R.Doc. 100); Defendants' *Motion to Exclude Expert Testimony By Plaintiffs' Proposed Experts, James T. Berger and Edward R. Griffor* (R.Doc.101); Plaintiffs' *Motion to Strike Declaration of Ana Morales* (R. Doc. 106); Defendants' *Motion in Limine to Exclude References at Trial to Irrelevant and/or Prejudicial Matters* (R.Doc. 147); and Defendants' *Motion in Limine to Exclude Improper Evidence Concerning Alleged Similarities Between the Works at Issue* (R. Doc.150).

The following substantive motions (all of which have been fully briefed and submitted for decision on or before June 24, 2020) remain pending at this time:

- Plaintiffs' *Motion to Strike Defendants' Evidence and Other Sanctions* (R.Doc. 124).
- Defendants' *Motion in Limine to Exclude Opinion Testimony by Plaintiffs' Proposed Expert Gary D. Rhodes* (R.Doc. 148).
- Defendants' *Motion in Limine to Exclude Undisclosed Opinion Testimony by Plaintiffs' Proposed Expert Edward Griffor* (R. Doc. 149).
- Defendants' *Motion to Exclude Irrelevant Financial Information* (R.Doc. 151).
- Defendants' *Motion to Bifurcate Trial of Liability and Damages* (R.Doc. 146).

C.   **Conference and Trial Dates**

This matter has had two prior trial settings which were continued due to COVID-19 restrictions.

A new scheduling conference was held September 24, 2020.  No status conference is currently set.  The final pretrial conference is set for March 25, 2021, and a seven-day trial (jury) is scheduled to begin on April 19, 2021, at 9:30 a.m.

The Court's required Settlement Conference was deferred given the pending dispositive motions.  (A private mediation held in May 2020 was unsuccessful.)   The parties will schedule a Settlement Conference with the Magistrate Judge, as required, in 2021.

D.   **Description of Factual and Legal Issues Underlying the Dispute**

<u>Plaintiffs' Description</u>:  Plaintiffs are the owners of the original and copyrighted image for the work entitled *King Cake Baby*; the first copy of which was provided for use as a walking head mascot for the NBA Pelicans.  The image gained national attention due to its unique features which provided exaggerated expression in both adult and child like facial depictions, all of which was designed intentionally by the artist to create conflicting imagery.

Over the course of this litigation, the Defendants have admitted to providing their movie prop maker with photographs of *King Cake Baby* taken at a Pelicans game, and using those images in the process of creating the mask for the central character in their films.  In essence, the Defendants admit to copying but deny that the level of copying was sufficient to meet the legal standard of substantial similarity.  Plaintiffs intend to show at trial that the mask used by the Defendants shares virtually every artistic component that was developed years earlier by the Plaintiffs.

Plaintiffs intend to show at trial that the infringing work was a critical, core and central element of the movies produced by the Defendants, and that it is the central theme which allows sequel films. Plaintiffs further intend to show that the Defendants saw a significant financial gain based on their certified budget submissions to the State of Louisiana showing a total cost to make the films of less than $17 Million USD and verified gross worldwide receipts for both films have now well exceeded $320 Million USD.

Plaintiffs intend to show that the infringing Mask is the central element to the Defendants films, and has significant, if not critical, value to the film franchise economic life span.

Plaintiffs intend to show the infringement generated revenue for others through contracts and distribution agreements orchestrated by the defendants, and these defendants are responsible for all earnings generated by the infringing films whether those earnings were kept by these Defendants or distributed to others. Plaintiffs intend to show these Defendants, namely the Universal Defendants, controlled the distribution and showing of the infringing work, and that all revenues generated and determined by the jury to be owned the Plaintiffs are the liability of these Defendants, at law and by Universal's contractual agreement to be responsible for any infringement. Plaintiffs may initiate parallel litigation against exhibitors and other that received distributions. Since this would simply result in Universal responding under their contract obligations, this would seem a pointless exercise before at least considering resolution short of trial.

In addition to the money damages sought, Plaintiffs will seek to prevent further use of both films and any future films or products using the infringing Mask.

With regard to Plaintiffs' pending *Motion to Strike Defendants' Evidence and Other Sanctions* (R.Doc. 124), the District Court may find that a lesser sanction for the late production

4

of voluminous information and identification of foreign parties that received distributions from these films, would be to reopen discovery and allow the adding of these parties.   Because Universal maintains its lawyers were acting in a manner approved by the company; despite objective evidence of intentional late disclosures and false earlier discovery answers, Plaintiffs anticipate the Defendants' liability and/or damage defense could be stricken in whole or in part.

<span style="text-decoration: underline;">Defendants' Description</span>:  Plaintiffs allege that a mask ("Mask") depicted in the motion pictures *Happy Death Day* and *Happy Death Day 2U* (the "Films") infringed Plaintiffs' copyright in a sculpture work entitled "King Cake Baby" (the "Sculpture").  Defendants dispute that Plaintiffs own or have properly registered the copyright in the Sculpture, deny that the Sculpture was used by Defendants in creating Defendants' Mask, and deny that the Mask is infringing, among other defenses.

The Sculpture depicts an oversized, stylized baby, allegedly created as a Mardi Gras-themed mascot for the New Orleans NBA franchise in 2009.  The Films are horror movies depicting a killer who conceals his or her identity by wearing a mask depicting the face of a baby.

The primary legal issues are (1) whether the Mask used in the Films copied from and is substantially similar to protectable elements of the Sculpture, as required to establish copyright infringement; and (2) whether Defendants' independent creation of the Mask depicted in the Films defeats Plaintiffs' claims.  Although the Mask and the Sculpture both depict babies, their physical appearance differs in many respects, and the alleged "similarities" between the Mask and the Sculpture are things that are common to any portrayal of a cartoon "baby," including numerous depictions that pre-date Plaintiffs' alleged creation of the Sculpture; indeed, all of the allegedly similar features of the works are common in depictions of babies in classic art dating

back centuries, in horror movies, and in many other genres. Finally, the evidence will show that Defendants did not copy the Sculpture at all, but instead independently designed and created the Mask, which bars Plaintiffs' claims.

Defendants also dispute Plaintiffs' purported damages claims. Among other things, Plaintiffs improperly focus on the profit of the Films, rather than on any profits retained by each of the Defendants before the Court. As a matter of law, Plaintiffs are not entitled to recover non-party revenue from the Defendants in this action; nor have they pled a claim for vicarious infringement. *See* R.Doc 210 at 3-6 (reply in support of pending motion in limine). Plaintiffs also massively overstate the Films' alleged profits by erroneously relying on gross box office receipts rather than Defendants' profits. Moreover, the evidence will show that any of the Films' profits attributable to the alleged infringement of the Sculpture is, at most, de minimis.

Plaintiffs have no valid ground for striking Defendants' damages evidence – all of which was timely disclosed prior to the end of discovery, including in response to Plaintiffs' damages expert report – or for striking any defenses. Their sanctions motion is baseless. *See* R.Doc. 167 (response to motion).

Finally, even if Plaintiffs were to establish liability, they will not be able to establish the equitable requirements necessary to obtain an injunction against further distribution of the Film (an issue that would be argued before the Court, not the jury).

### E.     Remaining Discovery

Discovery in this matter has closed.

### F.     Status of Settlement Negotiations

The parties engaged in private mediation in May 2020 and did not reach agreement.

As noted earlier, the Court-mandated Settlement Conference with the Magistrate was deferred due to pending Dispositive Motions.  This conference can now be rescheduled at the Court's and parties' mutual convenience.

DATED: November 23, 2020	RESPECTFULLY SUBMITTED:

JONATHAN BERTUCCELLI and
STUDIO 3, INC., Plaintiffs

By:  */s/ John A. Scialdone*
John A. Scialdone, Louisiana Bar No. 21859
David N. Harris, Jr., *Pro Hac Vice*
John S. Garner, Louisiana Bar No. 25314
Carter L. Sayers, Louisiana Bar No. 38887
Scialdone Law Firm, PLLC
Post Office Box 4080 (39502)
1319 24th Avenue
Gulfport, MS 39501
Tele:  (228) 822-9340
Fax:   (228) 822-9343
Email: jscialdone@slfirmus.com
            dharris@slfirmus.com
            jgarner@slfirmus.com
            csayers@slfirmus.com

400 Poydras Street, Suite 1680
New Orleans, LA 70130

Bill Luckett, *Pro Hac Vice*
Luckett Law Firm, P.A.
Post Office Drawer 1000
143 Yazoo Avenue
Clarksdale, MS 38614
Tele:  (662) 624-2591
Fax:   (662) 627-5403
Email: wol@luckettlawfirm.com

**ATTORNEYS FOR PLAINTIFFS**

**DAVIS WRIGHT TREMAINE LLP**

  */s/Eric M. Stahl*
Kelli L. Sager (*pro hac vice*)
  kellisager@dwt.com
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

Eric M. Stahl (*pro hac vice*)
  ericstahl@dwt.com
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
Telephone:  (206) 757-8148
Fax:  (213) 633-6899

**PHELPS DUNBAR LLP**

Mary Ellen Roy, T.A. (La. Bar #14388)
  roym@phelps.com
Dan Zimmerman (La. Bar #2202)
  dan.zimmerman@phelps.com
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311

**ATTORNEYS FOR DEFENDANTS**