UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JONATHAN BERTUCCELLI and STUDIO 3, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-1304** |
| **UNIVERSAL CITY STUDIOS LLC, ET AL.** | **SECTION: T (2)** |

## ORDER

Before the Court is a Motion to Bifurcate Trial of Liability and Damages (R. Doc. 146) filed by Universal City Studios LLC, Universal City Studios Productions LLLP, Blumhouse Productions, LLC, Tree Falls In The Woods, L.L.C., Anthony "Tony" Robert Gardner, The Alterian Ghost Factory, Inc., Trick or Treat Studios and Foe Paw Films, LLC ("Defendants"). Jonathan Bertuccelli and Studio 3, Inc. ("Plaintiffs") have filed an opposition (R. Doc. 169). For the following reasons, the Motion to Bifurcate Trial of Liability and Damages (R. Doc. 146) is **DENIED.**

## BACKGROUND

This action involves Plaintiffs' claim seeking damages for alleged violations of the Copyright Act, 17 U.S.C. § 101 *et seq*. In 2009, Plaintiffs created an expressionist art image referred to as "King Cake Baby" ("KCB"). Plaintiffs have used KCB throughout the United States under its permitted use as a walking head mascot for the New Orleans Pelicans. Plaintiffs contend Defendants' use of a mask of a cartoonish baby face in the 2017 feature film Happy Death Day and its sequel, Happy Death Day 2U ("Films"), infringes Plaintiffs' KCB copyright.

1

Defendants have moved to bifurcate the issues of liability and damages contending the issues are "easily severable, as in most intellectual property cases."[1] Defendants assert that bifurcation would further judicial economy by deferring a time-consuming trial on complicated damages issues that will be entirely unnecessary if the jury finds that none of the Defendants is liable for copyright infringement. Defendants contend the jury would have to engage in a complex accounting analysis, involving expert testimony on both sides, simply to determine the profit amounts at issue. Defendants further claim that separating the jury's determination of liability and damages independently serves to protect Defendants from undue prejudice because Plaintiffs may attempt to improperly influence the jury's consideration of the liability by focusing attention on the amount of money they claim Defendants made from the Films.

Plaintiffs contend Defendants have failed to meet their heavy burden to depart from ordinary procedure and bifurcate this trial into phases or separate trials and point out that Defendants admit this lawsuit involves a straightforward copyright infringement claim. Plaintiffs further assert that judicial economy is especially important under the current climate and coming out of the difficulties caused by the COVID-19 pandemic and its consequential effect on the Court. Plaintiffs claim that the proposed bifurcation would be less economical because the facts and evidence relevant to Plaintiffs' claims of copyright infringement and damages are interwoven and will undoubtedly involve many (if not all) of the same witnesses and documents.

## **LAW AND ANALYSIS**

Under Federal Rule of Civil Procedure 42(b), a district court "may order a separate trial" of any issue or claim "[f]or convenience, to avoid prejudice, or to expedite and economize."[2] The

---

[1] R. Doc. 146-1, p. 3.
[2] Fed R. Civ. P. 42(b); *see also Conkling v. Turner*, 18 F.3d 1285, 1293 (5th Cir. 1994); *Guedry v. Marino*, 164 F.R.D. 181, 186 (E.D. La. 1995).

2

rule leaves the decision to order the separation of a particular issue in the sound discretion of the Court.[3] Bifurcation is appropriate when the separation of issues will "achieve the purposes" of Rule 42(b).[4] "[S]eparate trials should be the exception, not the rule."[5] Indeed, "the Fifth Circuit has ... cautioned district courts to bear in mind before ordering separate trials in the same case that the 'issue to be tried [separately] must be so distinct and separable from the others that a trial of it alone may be had without injustice.'"[6] In sum, courts must consider the justifications for bifurcation in relation to the facts of the individual case, giving particular consideration to the avoidance of prejudice, in order to determine if a separate trial is appropriate.[7]

The Court finds that bifurcating the trial is inappropriate pursuant to Rule 42(b) because Defendants have failed to establish that bifurcation would be more convenient, less prejudicial, or more economical. Although Defendants claim that the damages inquiry is complex, Defendants make no showing the damages calculation in this case is more unique or complex than ordinary copyright infringement cases such that departure from ordinary trial procedure is warranted. As Plaintiffs point out, the facts and evidence relevant to the claims of liability and damages are interwoven and will involve the same witnesses and documents. Additionally, Defendants fail to show how they will be unfairly prejudiced if Plaintiffs present evidence about the money

---

[3] *See Conkling*, 18 F.3d at 1293; *O'Malley v. U.S. Fidelity & Guar. Co.*, 776 F.2d 494, 500 (5th Cir. 1985); *Laitram Corp. v. Hewlett-Packard Co.*, 791 F. Supp. 113, 114 (E.D. La. 1992) ("[C]ourts have repeatedly emphasized that whether to bifurcate a trial ... is always a question committed to the sound discretion of the trial court, and the court is expected to exercise its discretion on a case-by-case basis.").

[4] *See* 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2388 (3d ed. Aug. 2019 update).

[5] *Laitram*, 791 F. Supp. at 114; *see also McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 304 (5th Cir. 1993) ("Separation of issues, however, is not the usual course that should be followed.").

[6] *Laitram*, 791 F. Supp. at 115 (alteration in original) (quoting *Swofford v. B & W, Inc.*, 336 F.2d 406, 415 (5th Cir. 1964)).

[7] *See Laitram,* 791 F. Supp. at 114-15 (noting that when determining whether to bifurcate, a court "must balance the equities" and "exercise its discretion on a case-by-case basis").

Defendants earned from the Films. Therefore, the Court finds that Defendants have failed to show that bifurcation will be more convenient or economical.

## **CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that the Motion to Bifurcate Trial of Liability and Damages (R. Doc. 146) is **DENIED.**

**New Orleans, Louisiana**, on this 10th day of December, 2020.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**