UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JONATHAN BERTUCCELLI and STUDIO 3, INC | CIVIL ACTION |
| VERSUS | NO: 19-01304 |
| UNIVERSAL STUDIOS LLC, ET AL. | SECTION: T (2) |

## ORDER

Before the Court is a Motion to Strike Defendants' Evidence and Other Sanctions filed by Jonathan Bertuccelli and Studio 3, Inc. ("Plaintiffs").[1] Universal City Studios LLC, Universal City Studios Productions LLLP, Blumhouse Productions, LLC, Tree Falls In The Woods, L.L.C., Anthony "Tony" Robert Gardner, The Alterian Ghost Factory, Inc., Trick or Treat Studios, and Foe Paw Films, LLC ("Defendants") have filed an opposition.[2] For the following reasons, the Motion is **DENIED**.

## BACKGROUND

This matter arises from Plaintiffs' claim seeking damages and injunctive relief for alleged violations of the Copyright Act, 17 U.S.C. § 101 *et seq*. In 2009, Plaintiff created an expressionist art image known as "King Cake Baby" ("KCB"). Plaintiffs have used KCB throughout the United States under its permitted use as a walking head mascot for the New Orleans Pelicans. Plaintiffs allege Defendants' use of a mask of a cartoonish baby face in the 2017 feature film *Happy Death Day* and its sequel, *Happy Death Day 2U* ("Films"), infringes Plaintiffs' KCB copyright.

Plaintiffs seek an order striking Defendants' supplemental evidence provided during discovery, which includes assorted financial documents and Defendants' accompanying expert

---

[1] R. Doc. 124.
[2] R. Doc. 167.

report. Plaintiffs further request the Court consider possible sanctions for Defendants' discovery practices including striking the Defendants' answer "and/or entry of default judgment."[3]

Plaintiffs allege, *inter alia*, that Defendant Universal City Studios, LLC, engaged in an "overt and intentional scheme" to withhold financial evidence during discovery, thereby impeding Plaintiffs' discovery efforts while simultaneously benefitting from the concealment. Specifically at issue here are Defendants' financial summaries pertaining to the *Happy Death Day* Films. Initially, Plaintiff contends, "Universal did not produce anything more than [a] one-page Financial Summary," further decrying that Universal refused to provide detailed data regarding revenue and expenses. Then, at the eleventh hour of discovery, Plaintiff protests, Universal "dropped…110,213 documents purportedly showing all the details for revenue and expenses," and thus purposefully engaged in "blatant dilatory discovery tactics."[4]

Defendants dispute Plaintiffs' allegations in their entirety and instead charge Plaintiffs with attempting to inflate the amount in controversy by motioning to exclude Defendants' supplemental financial information.[5] Defendants attest that the supplemental production "does not contain '110,213' documents," but instead consists of "seven documents totaling 60 pages plus four spreadsheets produced in native Excel format."[6] Further, Defendant provided these supplemental figures in accordance with Section 504(b)'s burden shifting framework and in response to Plaintiffs' request for specific, itemized expense information.[7] Defendants, in summation, assert

---

[3] R. Doc. 124-1 at 5.
[4] R. Doc. 124-1 at 4.
[5] The parties clash frequently over expenses because of their importance in formulating damages. Under Section 504(b) of the Copyright Act, a prevailing copyright plaintiff may recover "profits of the infringer that are attributable to the infringement." In formulating the amount recoverable, the defendant provides proof of deductible expenses, which thereby reduce ("offset") the amount plaintiff may recover. By striking Defendants' expenses disclosed by Defendant in the supplemental disclosure, Plaintiffs' potential damages would increase.
[6] R. Doc. 167 at 2.
[7] *Supra* note 5.

that they complied with their discovery obligations, produced relevant financial information, and timely supplemented that information as appropriate under the applicable statute and federal rules.[8]

Fed. R. Civ. P. 37(c)(1) permits the Court to exclude evidence as a sanction when a party "fails to provide information or identify a witness as required by Rule 26(a) or (e)[.]"[9] Rule 26(e) covers supplemental disclosures and responses, mandating amendment upon learning the disclosures are "incomplete or incorrect."[10]

The question boils down to whether Defendants complied with their discovery obligations both lawfully and in good faith. Upon review, the Court finds no basis for granting Plaintiffs' request to strike evidence or impose sanctions. Defendants complied with their initial disclosure requirements under Rule 26(a) by providing revenues and expense information on March 2, 2020 in response to Plaintiffs' requests dated January 13, 2020.[11] This action is predicated upon Section 504(b) of the Copyright Act which sets forth a burden-shifting approach to establishing damages, the initial step being Plaintiffs' submission of gross revenues attributable to the infringement, which then triggers Defendants' production of deductible expenses.[12] Plaintiffs submitted their damages theory on April 22, 2020,[13] at which point Defendants assumed the burden to disclose deductible expenses. Defendants did so by supplemental disclosure on May 19, 2020.[14] Regarding Plaintiffs' complaint as to the length of that supplement, two points are pertinent. First, Plaintiffs' expert asked for audit-level detail which Defendant appears to have provided along with newly available information following submission of the expert's report.[15] This supplement is consistent

---

[8] R. Doc. 167 at 3.
[9] Fed. R. Civ. P. 37(c)(1).
[10] Fed. R. Civ. P. 26(e)(1).
[11] R. Doc. 167-13.
[12] 17 U.S.C. § 504; *Powell v. Penhollow*, 260 F. App'x 683, 686 (5th. Cir. 2007).
[13] R. Doc. 167 at 15.
[14] *Id*.
[15] R. Doc. 167-2.

with the Plaintiffs' request and the framework imposed by Section 504(b). Second, the supplement arrived with more than two weeks remaining in the discovery period, and the file size—which Defendants noted in their brief—was simply a product of spreadsheet format, the same format Plaintiffs' expert requested and verified as consistent with her experience.[16]

Because Defendants have fulfilled their discovery obligations under the federal rules and in accordance with the Copyright Act, the Court finds no grounds for granting Plaintiffs' request for sanctions.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion to Strike Defendants' Evidence and Other Sanctions is **DENIED**.

**New Orleans, Louisiana**, on this 24th day of February, 2021

                                                                          _____
                                                                          GREG GERARD GUIDRY
                                                                          UNITED STATES DISTRICT JUDGE

---

[16] R. Doc. 167 at 11; R. Doc. 167-2.