UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JONATHAN BERTUCCELLI and STUDIO 3, INC | CIVIL ACTION |
| VERSUS | NO: 19-1304 |
| UNIVERSAL STUDIOS LLC, ET AL. | SECTION: T (2) |

### ORDER

Before the Court is a Motion *In Limine* to Exclude Opinion Testimony by Plaintiffs' Proposed Expert, Gary D. Rhodes,[1] filed by Universal City Studios LLC, Universal City Studios Productions LLLP, Blumhouse Productions, LLC, Tree Falls In The Woods, L.L.C., Anthony "Tony" Robert Gardner, The Alterian Ghost Factory, Inc., Trick or Treat Studios, and Foe Paw Films, LLC ("Defendants"). Jonathan Bertuccelli and Studio 3, Inc. ("Plaintiffs") have filed an opposition.[2] For the following reasons, the Motion *In Limine*[3] is **GRANTED IN PART** as to any testimony or evidence regarding substantial similarity and **DENIED** in all other respects for the reasons set forth below.

### BACKGROUND

This matter arises from Plaintiffs' claim seeking damages and injunctive relief for alleged violations of the Copyright Act, 17 U.S.C. § 101 *et seq*. In 2009, Plaintiff created an expressionist art image known as "King Cake Baby" ("KCB"). Plaintiffs have used KCB throughout the United States under its permitted use as a walking head mascot for the New Orleans Pelicans. Plaintiffs allege Defendants' use of a mask of a cartoonish baby face in the 2017 feature film *Happy Death Day* and its sequel, *Happy Death Day 2U* ("Films"), infringes Plaintiff's copyright.

---

[1] R. Doc. 148.
[2] R. Doc. 175.
[3] R. Doc. 148.

Defendants now move to exclude opinion testimony by Plaintiffs' proposed expert, Gary D. Rhodes, as inadmissible under the Federal Rules of Evidence and the standard set out in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Defendants allege the proposed testimony is inconsistent with the Fifth Circuit's test for determining "substantial similarity" in copyright cases, both because the proposed testimony fails to distinguish between protectable expression and unprotected elements of the works, and because substantial similarity cannot be shown through expert testimony. Furthermore, Defendants assert that the expert lacks the expertise to opine on substantial similarity of the works at issue or any issues relevant to damages. Finally, Defendants argue the proposed expert's damages opinion lacks "methodology" as required for admissibility.

Plaintiffs contend Dr. Rhodes is an expert in the horror film industry whose qualifications, testimony, methodology, and application comply with admissibility standards. Plaintiffs state that Dr. Rhodes will provide the jury with beneficial testimony regarding the successful elements of horror films—masks, specifically—and how such elements drive financial success. In response to Defendants' analytical arguments regarding the Fifth Circuit's test for substantial similarity, Plaintiffs assert Defendants' argument fails because they rely on a "factually dissimilar case," and instead cite alternative precedent for comparing works in their entirety.[4] Finally, Plaintiffs expect to present Dr. Rhodes's testimony to rebut the Defendants' burden to prove "elements of profit attributable to factors other than the copyrighted work."[5]

## LAW AND ANALYSIS

Federal Rule of Evidence 702 provides: "A witness who is qualified as an expert by knowledge, skill experience, training, or education, may testify in the form of opinion or otherwise,

---

[4] *Apple Barrel Prods. v. Beard*, 730 F.2d 384, 388 (5th Cir. 1984).
[5] R. Doc. 175 at 2 (citing 17 U.S.C. 504(b)).

if: (a) the expert's scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."[6] When expert testimony is challenged under Rule 702 and *Daubert*, the burden of proof rests with the party seeking to present the testimony.[7]

In *Daubert*, the Supreme Court established a two-part test for judges to perform in determining the admissibility of expert testimony.[8] First, the court must determine whether the expert's testimony reflects scientific knowledge, is derived by the scientific method, and is supported by appropriate validation.[9] Second, the court must determine whether the testimony will assist the trier of fact to understand the evidence.[10] "A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject."[11] However, "Rule 702 does not mandate that an expert be highly qualified in order to testify about a given issue."[12] "Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility."[13]

Dr. Rhodes' possesses the knowledge, education, and experience to serve as an expert witness, but the Federal Rules of Evidence and *Daubert* require the Court to determine whether Dr. Rhodes's testimony is reliably supported by scientifically valid reasoning and methodology.[14] Indeed, an

---

[6] Fed. R. Evid. 702; see Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 588, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993); United States v. Hitt, 473 F.3d 146, 148 (5th Cir. 2006).
[7] Moore v. Ashland Chemical, Inc., 151 F.3d 269, 276 (5th Cir. 1998).
[8] Daubert, 509 U.S. at 588; Hitt, 473 F.3d at 148.
[9] Daubert, 509 U.S. at 590.
[10] Daubert, 509 U.S. at 591.
[11] Huss v. Gayden, 571 F.3d 442, 452 (5th Cir. 2009) (quoting Wilson v. Woods, 163 F.3d 935, 937 (5th Cir. 1999)).
[12] Huss, 571 F.3d at 452.
[13] Huss, 571 F.3d at 452.; see also Daubert, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").
[14] Curtis v. M & S Petroleum, Inc., 174 F.3d 661, 668 (5th Cir. 1999).

expert's testimony must include "some objective, independent validation of the expert's methodology."[15] Dr. Rhodes's Report and Plaintiffs' Reply Brief do not adequately identify his methodology for reaching conclusions regarding substantial similarity or specific revenue damages other than subjective declarations that the works are similar in their entirety. Accordingly, the Court grants Defendants' request to exclude Dr. Rhodes's testimony on substantial similarity.

On the other hand, Dr. Rhodes's report focuses in large part on the significance of distinctive masks and their importance in successful horror films. In doing so, his testimony provides a greater understanding of Plaintiffs' claims, primarily in rebutting Defendants' potential burden to attribute profit to elements other than the copyrighted work. This is true regardless of which test for substantial similarity the Court eventually applies, and the Court finds his comparative methodology reliable for purposes of opining on the function masks play in the financial success of horror films. While the Court takes notice of Defendants' arguments, their concerns with Dr. Rhodes can be explored on cross-examination and through appropriate objections at trial but do not necessitate barring his testimony in totality.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants' Motion *In Limine* is **GRANTED IN PART** as to any testimony or evidence regarding substantial similarity and **DENIED** in all other respects.

**New Orleans, Louisiana**, on this 24th day of February, 2021.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

---

[15] *United Fire Group v. Duro-Last, Inc.*, No. 05-1499, 2006 WL 5086616 at *3 (E.D. La. Sept 21, 2006).