UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JONATHAN BERTUCCELLI and STUDIO 3, INC | CIVIL ACTION |
| VERSUS | NO: 19-1304 |
| UNIVERSAL STUDIOS LLC, ET AL. | SECTION: T (2) |

### ORDER

Before the Court is a Motion *In Limine* to Exclude Irrelevant Financial Information,[1] filed by Universal City Studios LLC, Universal City Studios Productions LLLP, Blumhouse Productions, LLC, Tree Falls In The Woods, L.L.C., Anthony "Tony" Robert Gardner, The Alterian Ghost Factory, Inc., Trick or Treat Studios, and Foe Paw Films, LLC ("Defendants"). Jonathan Bertuccelli and Studio 3, Inc. ("Plaintiffs") have filed an opposition.[2] Defendants' subsequently filed a reply.[3] For the following reasons, the Motion *In Limine*[4] is **GRANTED IN PART** as to references at trial to: (1) revenues realized by non-parties; (2) the Louisiana state tax incentive program; and (3) revenues or expenses generated overseas. The motion is **DENIED** in all other respects for the reasons set forth below.

### BACKGROUND

This matter arises from Plaintiffs' claim seeking damages and injunctive relief for alleged violations of the Copyright Act, 17 U.S.C. § 101 *et seq*. In 2009, Plaintiff created an expressionist art image known as "King Cake Baby" ("KCB"). Plaintiffs have used KCB throughout the United States under its permitted use as a walking head mascot for the New Orleans Pelicans. Plaintiffs

---

[1] R. Doc. 151.
[2] R. Doc. 173.
[3] R. Doc. 210.
[4] R. Doc. 151.

1

allege Defendants' use of a mask of a cartoonish baby face in the 2017 feature film *Happy Death Day* and its sequel, *Happy Death Day 2U* ("Films"), infringes Plaintiffs' copyright.

Defendants request an order excluding references at trial to financial information they describe as irrelevant or misleading to damages Plaintiffs could recover if liability were established. Defendants attest that Plaintiffs have "grossly exaggerated" their claims about potential damages in disregard to the Copyright Act's profits provision and precedents.[5] Defendants seek an order excluding any reference to the following issues: (1) revenues realized by non-parties, including exhibitors, streaming services, and profit participants; (2) total revenues or profits "of the Films," as opposed to those of individual defendants; (3) profits realized by one Defendant being ascribed to a different Defendant; (4) treating profit participations and other contingent compensation as non-deductible expenses; (5) the Louisiana state tax incentive payment; (6) revenues or expenses generated overseas; (7) any claim the Plaintiffs sustained actual damages from the alleged infringement.[6]

Plaintiffs refute the information at issue as "irrelevant," arguing instead that Defendants' Motion "appears to have a secondary agenda of limiting evidence with which [Defendant] can be impeached."[7] Regarding the non-party revenues, Plaintiffs' propose a vicarious infringement theory. Plaintiffs further argue that both overseas revenue and the Louisiana state tax incentive qualify as collectable revenue. Lastly, Plaintiffs allege the "vast majority of the revenue [at issue] was earned by Universal, and the parties should agree to a logical percentage allocation."[8] Thus,

---

[5] R. Doc. 151-1 at 2; 17 U.S.C. § 504(b).
[6] *Id*. at 18-19.
[7] R. Doc. 173-1.
[8] As noted *supra*, Defendants argue that the individual defendants cannot be held jointly liable. In short, Plaintiffs must separately identify the gross revenues attributable to the infringement of *each* Defendant from which it seeks to recover "profits" under Section 504(b). In doing so, each individual defendant is permitted to establish its own offsetting expenses and elements of profit, thereby lowering the amount of total recoverable damages. *See* R. Doc.

Plaintiffs appear to acknowledge Defendants' argument for the separate accounting of individual defendants in calculating damages.

Under the federal rules, "evidence which is not relevant is not admissible."[9] Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[10] Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[11]

The issue before the Court concerns the calculation for recoverable damages should Plaintiffs succeed in proving copyright infringement. Plaintiffs seek a wider revenue pool from which to compile damages, while Defendants' Motion aims to narrow and specify the revenues from which damages may be recovered.

First, Defendants move that evidence regarding non-party revenues must be excluded because Plaintiffs pleaded claims for direct, not vicarious, infringement.[12] These non-parties include exhibitors (theaters), streamers, and profit participants. Plaintiffs' complaint contains eight separate causes for direct infringement against eight separate defendants. As a secondary claim, Plaintiffs were required to plead facts supporting the elements of vicarious infringement separately and properly.[13] The Court finds that Plaintiffs failed to properly plead a separate cause of action for vicarious infringement, and the profit calculation must remain limited to named Defendants in this action.

---

[9] Fed. R. Evid. 402.
[10] Fed. R. Evid. 401.
[11] Fed. R. Evid. 403.
[12] R. Doc. 210 at 4.
[13] *Galiano v. Harrah's Op. Co.*, 2004 WL 1057552, at &10 (E.D. La. May 10, 2004).

Two of Defendants' requests may be analyzed together.[14] Plaintiffs attest that they have no intention of ascribing profit figures collectively or conflating revenue or expenses of one defendant with that of another. Plaintiffs also indicate a willingness to find an agreement before trial regarding percentage allocations to streamline the presentation of evidence.[15] Defendants may address these issues through objections and proposed jury instructions if the need arises at trial. Therefore, the Court will deny Defendants' requests.

Regarding the Louisiana state tax incentive payment, the Court finds Defendants' argument for exclusion persuasive. In the absence of actual damages, copyright plaintiffs may seek revenues attributable to the infringement.[16] Importantly, though, they may only seek revenues "reasonably related" to the infringement.[17] Thus, the profit provision offers copyright plaintiffs reprieve in the absence of actual damages by allowing them to identify *how* an alleged infringement created revenue. But it does so carefully to ensure legitimacy in calculating recoverable damages. Here, even if the tax incentive payment were to be labeled a profit because it decreased expenses, it cannot be one specifically attributable to the copyrighted work at issue. The state offers the incentive regardless of a film's content and does so to promote the industry. As a matter of law, the Court grants the motion with respect to the Louisiana state tax deduction.

Turning to Defendants' request to exclude evidence regarding profits generated overseas, the Court finds that foreign revenues and expenses are beyond the reach of Section 504(b)'s profit calculating scheme. Both parties have each afforded considerable debate on the merits of "constructive trust," a judicial theory dating back to 1939 that has not been widely or often

---

[14] R. Doc. 151-1 at 18-19 ["2. Total revenues or profits "of the Films," as opposed to those of individual Defendants; 3. Profits realized by one Defendant being ascribed to different Defendant."].
[15] R. Doc. 173-1 at 14.
[16] 17 U.S.C. § 504(b).
[17] *MGE UPS Sys. V. GE Consumer & Indus. Inc.*, 622 F.3d 361, 367 (5th Cir. 2010).

followed. The Fifth Circuit and the Eastern District of Louisiana have not extended extraterritorial profit calculations under the Copyright Act. Accordingly, the Court declines to engage "judicial-speculation-made-law" and instead follow the strong presumption against extraterritoriality absent express indication by Congress.[18]

Finally, regarding references to actual damages, Defendants contend any claim that Plaintiffs sustained actual damages from the alleged infringement should be excluded. Plaintiffs' reply brief does not respond or object to this part of the motion, but instead offers arguments regarding profit calculation.[19] Defendants further attest that Plaintiffs' expert Gary Rhodes should be barred from testifying about "any purported actual damages."[20] The Court will not order the prohibition of this testimony at this time, however Defendants may raise appropriate objections at trial and explore this issue further on cross-examination.

## **CONCLUSION**

Fore the foregoing reasons, **IT IS ORDERED** that the Motion In Limine to Exclude Irrelevant Financial Information is **GRANTED IN PART** as to references at trial to: (1) revenues realized by non-parties; (2) the Louisiana state tax incentive program; and (3) revenues or expenses generated overseas. The motion is **DENIED** in all other respects.

**New Orleans, Louisiana**, on this __8th__ day of March, 2021.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

---

[18] *Morrison v. National Australia Bank*, 561 U.S. 247, 261 (2010).
[19] R. Doc. 173-1.
[20] R. Doc. 151-1 at 17.