UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JONATHAN BERTUCCELLI and STUDIO 3, INC | CIVIL ACTION |
| VERSUS | NO: 19-1304 |
| UNIVERSAL STUDIOS LLC, ET AL. | SECTION: T (2) |

## ORDER

Before the Court is a Motion for Partial Clarification, Partial Reconsideration and Incorporated Motion for Leave to Amend filed by Jonathan Bertuccelli and Studio 3, Inc. ("Plaintiffs").[1] Universal City Studios LLC, Universal City Studios Productions LLLP, Blumhouse Productions, LLC, Tree Falls In The Woods, L.L.C., Anthony "Tony" Robert Gardner, The Alterian Ghost Factory, Inc., Trick or Treat Studios, and Foe Paw Films, LLC ("Defendants") have filed an opposition.[2] For the following reasons, the motion is **DENIED**.

## BACKGROUND

This matter arises from Plaintiffs' claim seeking damages and injunctive relief for alleged violations of the Copyright Act, 17 U.S.C. § 101 *et seq*. In 2009, Plaintiffs created an expressionist art image known as "King Cake Baby" ("KCB"). Plaintiffs have used KCB throughout the United States under its permitted use as a walking head mascot for the New Orleans Pelicans. Plaintiffs allege Defendants' use of a mask of a cartoonish baby face in the 2017 feature film *Happy Death Day* and its sequel, *Happy Death Day 2U* ("Films"), infringes Plaintiffs' copyright.

---

[1] R. Doc. 277.
[2] R. Doc. 283.

Plaintiffs move now for clarification "and/or to reconsider" the Court's previous order partially granting Defendants' Motion in Limine.[3] First, Plaintiffs request clarification as to the Court's ruling pertaining to revenues of non-parties and foreign revenues generated outside the United States. Second, Plaintiffs seek clarification on "the nature of the Court's ruling on vicarious infringement as it pertains to the right to amend pleadings."[4] On this second issue, Plaintiffs request leave to amend the pleadings under Rule 15(b).

## LAW AND ANALYSIS

The Federal Rules of Civil Procedure do not formally recognize a motion for reconsideration.[5] A Rule 59(e) motion calls into question the correctness of a judgment,[6] properly invoked to correct manifest errors of law or fact or to present newly discovered evidence.[7] Courts may also consider whether the motion is necessary to prevent injustice and whether granting the motion is justified by an intervening change in controlling law.[8] A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction.[9] Moreover, they cannot be used to argue a case under a new legal theory.[10] District courts have considerable discretion to grant or deny a Rule 59(e) motion for reconsideration.[11]

---

[3] The Court granted Defendants' Motion *In Limine* to exclude references at trial to: (1) revenues realized by non-parties; (2) the Louisiana state tax incentive program; and (3) revenues or expenses generated overseas. *See* R. Doc. 276.
[4] R. Doc. 277-1 at 3.
[5] *Bass v. United States Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000); see also *Lavespere v. Niagra Machine & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F3d 1069 (5th Cir. 1994).
[6] *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002).
[7] *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).
[8] *Gulf Fleet Tiger Acquisition, LLC, v. Thoma-Sea Ship Builders, LLC,* 282 F.R.D. 146, 152 (E.D. La. 2012).
[9] *In re Self,* 172 F. Supp. 2d 813, 816 (W.D. La. 2001).
[10] *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (*citing Federal Deposit Ins. Corp. v. Meyer*, 781 F2d 1260, 1268 (7th Cir. 1986)).
[11] *Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 353 (5th Cir. 1990).

The Court finds no grounds for reconsideration. Plaintiffs' motion revisits previous arguments but fails to offer new evidence or identify an error in law or fact under the narrow confines of Rule 59(e).[12] Though Plaintiffs' argument for reconsideration falls short, the Court offers the following summary for purposes of clarification, beginning with the premise that the profit provision is not an unfettered mechanism from which a party may claim damages without limitation. Revenues sought by a copyright plaintiff must be attributable and reasonably related to the infringement.[13] Accordingly, the Court first held that Plaintiffs cannot recover profits retained by non-parties and, because the complaint did not plead facts supporting a separate cause for vicarious infringement, the profit calculation must remain limited to Defendants named in this action.

The Court also determined that the foreign revenues and expenses of named Defendants are beyond the reach of Section 504(b)'s calculating scheme, a decision grounded in the strong presumption against extraterritoriality absent express indication by Congress.[14] In addition to the text, the Fifth Circuit and the Eastern District of Louisiana have declined to extend extraterritorial profit calculations under the Copyright Act. The previous order states this reasoning and the holding as acknowledged in Plaintiffs' motion.[15] With respect to Plaintiffs' new claim that reconsideration is appropriate under 17 U.S.C. § 602(a)(2), the Court finds this argument lacking for two reasons. First, Plaintiffs have not cited this statute prior to this motion, and the Court may not consider new arguments which "could, and should, have been made before judgment."[16]

---

[12] *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) ("[s]uch motions serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.").
[13] 17 U.S.C. § 504(b); *MGE UPS Sys. V. GE Consumer & Indus. Inc.*, 622 F.3d 361, 367 (5th Cir. 2010).
[14] R. Doc. 276 at 5.
[15] In their motion, Plaintiffs state that "it appears the ruling could extend to foreign revenues by the parties to this action, which forms the basis for the Plaintiffs' request for clarification."
[16] *Simon*, 891 F.2d 1154, 1159 (*citing Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986).

Second, the Court agrees with Defendants that Section 602(a)(2) is inapplicable to the facts of this case.

Finally, Plaintiffs request leave to amend their pleadings under Rule 15(b) to add claims for vicarious infringement. Plaintiffs' request runs afoul of the Federal Rules and the Local Rules of this Court.[17] Rule 15(a) covers amendments before trial, while Rule 15(b)—which Plaintiffs cite here—governs amendments during and after trial.[18] Because trial has not commenced, Plaintiffs may not rely on Rule 15(b) for leave to amend the complaint.

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Motion for Partial Clarification, Partial Reconsideration and Incorporated Motion for Leave to Amend[19] is **DENIED**.

New Orleans, Louisiana, this 7th day of May, 2021.

_____
**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[17] Defendants contend that Plaintiffs did not satisfy or attempt to satisfy the "meet-and-confer" requirement imposed by Local Rule 7.6.
[18] Fed. R. Civ. P. 15(a)-(b), allowing amendment based on objection at trial or on issues tried by the parties express or implied consent
[19] R. Doc. 277.