UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JONATHAN BERTUCCELLI and STUDIO 3, INC | CIVIL ACTION |
| VERSUS | NO: 19-1304 |
| UNIVERSAL STUDIOS LLC, ET AL. | SECTION: T (2) |

## ORDER

Before the Court is a Motion to Strike Plaintiffs' Jury Demand or, in the Alternative, for Court to Decide Claims for Disgorgement of Profits filed by Universal City Studios LLC, Universal City Studios Productions LLLP, Blumhouse Productions, LLC, Tree Falls In The Woods, L.L.C., Anthony "Tony" Robert Gardner, The Alterian Ghost Factory, Inc., Trick or Treat Studios, and Foe Paw Films, LLC ("Defendants").[1] Jonathan Bertuccelli and Studio 3, Inc. ("Plaintiffs") have filed an opposition,[2] to which Defendants filed a reply.[3] For the following reasons, the Motion is **DENIED**.

## BACKGROUND

This matter arises from Plaintiffs' claim seeking damages and injunctive relief for alleged violations of the Copyright Act, 17 U.S.C. § 101 *et seq*. In 2009, Plaintiffs created an expressionist art image known as "King Cake Baby" ("KCB"). Plaintiffs have used KCB throughout the United States under its permitted use as a walking head mascot for the New Orleans Pelicans. Plaintiffs allege Defendants' use of a mask of a cartoonish baby face in the 2017 feature film *Happy Death Day* and its sequel, *Happy Death Day 2U* ("Films"), infringes Plaintiffs' copyright.

---

[1] R. Doc. 294.
[2] R. Doc. 298.
[3] R. Doc. 303.

1

Defendants contend that Plaintiffs have no constitutional or statutory right to a jury trial in this action because their only claim for relief—disgorgement of profits—is entirely equitable.[4] Defendants attest that federal civil juries are available only where expressly provided by federal statute or where required under the Seventh Amendment. Defendants conclude that because the Copyright Act does not grant a right to a jury trial and the Seventh Amendment does not provide a right to a jury for claims that seek only equitable relief, the Court should strike Plaintiffs' jury demand.[5]

Plaintiffs argue that the Court should deny Defendants' Motion for two reasons. First, Plaintiffs contend that the Seventh Amendment to the Constitution grants Plaintiffs a right trial by jury. Plaintiffs submit that Section 504(b) profit damages may be a "mixed bag" of legal and equitable relief, but nonetheless argue that the right to jury trial is preserved under Supreme Court and Fifth Circuit precedent.[6] Second, Plaintiffs present a statutory analysis asserting that, when properly construed as a whole, the language and statutory scheme of the Copyright Act grants Plaintiffs' right to a jury trial.

## LAW AND ANALYSIS

Federal civil juries are available when expressly provided by federal statute or required under the Seventh Amendment.[7] The question before the Court is whether Section 504(b) of the Copyright Act or the Seventh Amendment of the Constitution grants the right to jury trial.[8] Before addressing the applicability of the Seventh Amendment, a court must first ascertain whether a

---

[4] 17 U.S.C. 504(b).
[5] Fed. R. Civ. P. 38(a).
[6] R. Doc. 298 at 5 (citing *Petrella v. MGM*, 572 U.S. 663, 668, n. 1. (2014)).
[7] Fed. Ri. Civ. P. 38(a).
[8] 17. U.S.C. 504(b); U.S. Const. amend. VII.

statutory construction of the statute is fairly possible by which the [constitutional] question may be avoided.[9]

The statutory provision at issue here—Section 504(b) of the Copyright Act—is silent as to whether actual damages or the profit provision remedies are entitled to trial by jury.[10] Throughout other remedy provisions of the Copyright Act, Plaintiffs argue, the text "repeatedly place[s] authority with the 'court' to determine the remedy."[11] Here, Plaintiffs maintain that the silence of Section 504(b) is purposeful and, based on principles of statutory construction, it is "fairly possible" to construe 504(b) as granting a right to trial by jury.[12] The Court disagrees. In *Felnter v. Columbia Pictures Television*, a case relied on here by both sides, the Supreme Court found that Section 504(c) of the Copyright Act does not grant a right to have a jury assess statutory damages.[13] While this case deals with Section 504(b), *Feltner* still provides direction. In reaching its conclusion, the Supreme Court found that the statute did not provide "any congressional intent to grant…the right to a jury trial,"[14] recognizing that the text of the entire provision "make[s] no mention of a right to a jury trial or, for that matter, to juries at all."[15] Here, the text of Section 504(b) similarly makes no reference of a right to jury trial, and the Court cannot fill that void by implication. Implying such a right would require reaching beyond the statute's language, an exercise the Supreme Court has warned against in similar situations.[16] The Court thus finds caution

---

[9] *Curtis v. Loether,* 415 U.S. 189, 192, n. 6 (1974).
[10] 17 U.S.C. 504(b).
[11] R. Doc. 298 at 6.
[12] *Id*. at 7 (quoting *Feltner v. Columbia Pictures Tv*, 523 U.S. 340, 345 (1998).
[13] *Feltner* 523 U.S. at 346.
[14] *See Feltner*, 523 U.S. at 345 (quoting *Tull v. United States*, 481 U.S. 412, 417 n.3 (1987)).
[15] *Feltner* at 346.
[16] *Tull,* 481 at 417 n.3 (1987)).

appropriate, further noting in agreement that "[w]hen Congress wants to create a right to trial by jury, it knows how to say so."[17]

Turning to the constitutional question, Defendants contend that disgorgement of profits is an equitable remedy not entitled to jury trial under the Seventh Amendment. When evaluating whether a suit is "at common law" or in equity, courts are to first compare the action to 18th century actions brought in the courts of England before the merger of courts of law and equity and then determine whether the remedy sought is legal or equitable in nature."[18]

Accordingly, the parties concentrate much of their briefing on whether disgorgement of profit is legal or equitable. Plaintiffs label their claim a legal one for "money damages" and highlight Fifth Circuit precedent generally finding copyright infringement tortious and thus deserving of jury trial.[19] Defendants argue that in *Petrella v. Metro-Goldwyn-Mayer, Inc.*, the Supreme Court has "indisputably recognize[d] that infringement claims under Section 504(b) that seek 'apportioning of profits to account for independent contributions of [an] infringing defendant' are equitable."[20] Such an application of *Petrella* is not a given, though, because the Supreme Court only treated the profits remedy as equitable relative to the specific facts of that case. *Petrella* answers whether the equitable defense of laches bars relief on a copyright infringement claim but it does not squarely define whether the profit provision under Section 504(b) is legal or equitable in nature. Indeed, the Supreme Court acknowledged the difficulty in defining restitutional remedies, finding recovery of profits "[are] not easily characterized as legal or equitable."[21] The

---

[17] *Navarro v. Procter & Gamble Co.*, 2021 WL 1169084, at *3-4 (S.D. Ohio Mar. 29, 2021); *See also Fair Isaac Corp. v. Fed. Ins. Co.*, 468 F. Supp. 3d 1110, 1113–14 (D. Minn. 2020) (concluding Copyright Act does not create statutory right to jury trial under 17 U.S.C. § 504(b)).
[18] *Tull v. United States*, 481 U.S. 412, 417-18 (1987); *Wilson v. Belmont Homes, Inc.*, 970 F.2d 53, 55 (5th Cir. 1992); *see also Navarro v. Procter & Gamble Co.*, 2021 WL 1169084 *6 (S.D. Ohio 2021).
[19] R. Doc. 298 at 3; *Porter v. United States*, 473 F.2d 1329 (5th Cir. 1973); *Bangor Punta Operations, Inc. v. Universal Marine Co.*, 543 F.2d 1107, 1109 (5th Cir. 1976).
[20] R. Doc. 303 at 2; *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663 (2014).
[21] *Petrella*, 572 U.S. 668, n. 1.

Court finds convincing Plaintiffs' position that Section 504(b) presents a "mixed bag" of legal and equitable relief, and concludes that reserving the right to jury trial here is constitutionally appropriate in light of relative uncertainty. Striking the right to jury trial would require disregarding the inherently legal aspect of the remedy, namely, compensation in the form of money damages, an exercise the Court agrees could be constitutionally suspect.[22] Accordingly, the Court finds that the Seventh Amendment affords the right to jury trial for copyright damages under Section 504(b).

## CONCLUSION

For the foregoing reasons**, IT IS ORDERED** that Defendants' Motion to Strike Plaintiffs' Jury Demand is **DENIED**.[23]

New Orleans, Louisiana, this 2nd day of June, 2021.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[22] R. Doc. 298 (citing *4 Nimmer on Copyright*, §14.03[E] ("…after *Feltner v. Columbia Pictures Television, Inc.*, the danger arises that denying trial by jury on this issue to a party who so requests will be deemed constitutionally suspect."))
[23] R. Doc. 294.