## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

JONATHAN BERTUCCELLI and                         CIVIL ACTION
STUDIO 3, INC

VERSUS                                           NO: 19-01304

UNIVERSAL STUDIOS LLC, ET AL.                    SECTION: T (2)

### ORDER

Before the Court is a Motion to Exclude Untimely Disclosures filed by Jonathan Bertuccelli

and Studio 3, Inc. ("Plaintiffs").[1] Universal City Studios LLC, Universal City Studios Productions

LLLP, Blumhouse Productions, LLC, Tree Falls In The Woods, L.L.C., Anthony "Tony" Robert

Gardner, The Alterian Ghost Factory, Inc., Trick or Treat Studios, and Foe Paw Films, LLC

("Defendants") have filed an opposition,[2] to which Plaintiffs filed a reply.[3] For the following

reasons, the Motion is **DENIED**.

### BACKGROUND

This matter arises from Plaintiffs' claim seeking damages and injunctive relief for alleged

violations of the Copyright Act, 17 U.S.C. § 101 *et seq*. In 2009, Plaintiffs created an expressionist

art image known as "King Cake Baby" ("KCB"). Plaintiffs have used KCB throughout the United

States under its permitted use as a walking head mascot for the New Orleans Pelicans. Plaintiffs

allege Defendants' use of a mask of a cartoonish baby face in the 2017 feature film *Happy Death

Da*y and its sequel, *Happy Death Day 2U* ("Films"), infringes Plaintiffs' KCB copyright.

Plaintiffs seek an order excluding documents and images contained in an evidentiary

disclosure produced by Defendants titled DEFENDANTS00001-000031.[4] Defendants produced

---

[1] R. Doc. 282, 292.
[2] R. Doc. 285.
[3] R. Doc. 291.
[4] Plaintiffs have filed a second motion to exclude for the files DEFENDANTS00032-00110 (R. Doc. 292).

1

these images alongside supplemental financial information requested by Plaintiffs.[5] Plaintiffs argue here that the disclosures are untimely, without justification, and harmful, claiming they leave Plaintiffs "in complete darkness" and have "no information regarding the relevancy or admissibility of this information."[6] Plaintiffs further assert that all of Defendants' non-retained experts should be excluded because the designations fail to offer substantive information to satisfy Rule 26.[7] Defendants refute these arguments, and instead designate the contested documents as relevant, supplemental pretrial disclosures permissible under the Federal Rules of Civil Procedure and the Court's Scheduling Order. Defendants further question Plaintiffs' request to exclude non-retained expert witnesses, maintaining the disclosure was timely and sufficient under Rule 26.

On March 17, 2021, Defendants served disclosures on Plaintiffs pursuant to Rule 26(a)(1) and 26(e)(1) of the Federal Rules of Civil Procedure.[8] The Scheduling Order set the discovery deadline for June 5, 2020, with final pretrial disclosures allowed through May 14, 2021.[9] As the disclosures at issue were made after the close of discovery but before the pretrial disclosures deadline, the question for the Court is whether Defendants' production qualifies as permissible pretrial disclosures under the Federal Rules and the Court's Scheduling Order.[10] Pretrial disclosures, including the identifying of exhibits a party may offer at trial, must be made at least thirty days before trial unless otherwise stipulated by the Court.[11] Here, the disclosures offered by Defendants comply with the Federal Rules and do not run afoul of the Court's May 14, 2021 deadline for pretrial disclosures. The production contains publicly available images that Defendants may present at trial in support of factual issues, including to "provide additional views

---

[5] R. Doc. 282 at 2.
[6] *Id*. at 3.
[7] Id. at 6; Fed. R. Civ. P. 26(a)(2)(C)(ii)
[8] R. Doc. 285, Exhibit 2
[9] Doc. 249 at 3 (proposed pretrial order due two workdays before conference); Fed. R. Civ. P. 26(a)(3)(B)
[10] R. Doc.
[11] Fed. R. Civ. P. 26(a)(3)(B).

of KCB and the HDD mask; to illustrate the respective artists' style and practice; and to show the prior existence of works containing elements that Plaintiffs allege were copied."[12] The production of similar, publicly available images at issue here appears to be made, as Defendants claim, to satisfy their "continuing obligation to provide supplemental disclosure of documents they 'may use to support [their] claims or defenses" pursuant to Rule 26(a)(3)(A)(iii).[13] Furthermore, the Court agrees that Plaintiffs are not prejudiced by the production because the content is nothing more than additional images of KCB, the HDD Mask, and other publicly available images relevant to the jury's evaluation and comparison of the alleged infringement.  Because the disclosures are relevant, harmless, and timely as pretrial disclosures, the Court denies Plaintiffs motion to exclude the supplemental production.

Regarding the argument to exclude non-retained experts, Plaintiffs claim that the designations offered by Defendants are insufficient under the standard set forth by Rule 26, which requires "a summary of the facts and opinions to which the witness is expected to testify."[14] However, as Defendants recognize, non-retained experts are not subjected to the same standard as specially retained expert witnesses, and the Court finds that Defendants have provided adequate descriptions and information to satisfy the disclosure requirement of Rule 26.[15] This basis alone is sufficient for denying Plaintiffs' request to exclude non-retained expert witnesses without addressing the conflicting timeliness arguments.

Accordingly, the Court finds the Motion to Exclude without merit, and further notes that Plaintiffs may exercise their opposition through appropriate objections at trial.

---

[12] R. Doc. 285 at 11.
[13] R. Doc. 285 at 7.
[14] Fed. R. Civ. P. 26(a)(2)(C)(ii).
[15] *Causey v. State Farm Mut. Auto. Ins. Co.*, 2018 WL 2234749, at *1 (E.D. La. May 16, 2018).

**<u>CONCLUSION</u>**

For the foregoing reasons, **IT IS ORDERED** that Plaintiffs' Motion to Exclude Untimely Evidence is **DENIED**.[16]

New Orleans, Louisiana, this __10th__ day of June, 2021.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[16] R. Doc. 282.